## CRUMRINE v. JONES & LAUGHLIN STEEL CORP.

### No. 129.

United States District Court
W. D. Pennsylvania.

April 30, 1951.

Hymen Schlesinger, Pittsburgh, Pa., for libellant.

Ira R. Hill (of Reed, Smith, Shaw & McClay), Pittsburgh, Pa., for respondent.

MARSH, District Judge.

In this admiralty action, Catherine Crumrine, the libellant, claims to have been injured in April or May of 1945, and again in April of 1947, while in the service of the respondent as a cook. On October 11, 1948, she filed her libel and alleges that her injuries were caused by the unseaworthiness of respondent's vessel.[1] Libellant claims

---

1. Libellant also alleged negligence under the Jones Act, 46 U.S.C.A. § 688, which action was heretofore dismissed because barred by the statute of limitations. See order filed December 5, 1950, in the above entitled case.

damages and indemnity for her injuries and claims the right to recover for her maintenance and cure from the time of said injuries. Respondent filed exceptions to the libel which set forth, inter alia, that the libellant's cause of action as to the injuries sustained in the first accident is barred by laches.

Under date of December 5, 1950, this court ordered a hearing to give the libellant an opportunity, prior to the trial, to show exceptional circumstances which would require dismissal of the exception charging her with laches. Accordingly, a hearing was held and testimony taken.

■ In the opinion of the court, libellant failed to disclose such exceptional circumstances which would equitably warrant a disregard of the analogous statute of limitations which is two years in Pennsylvania.[2]

Libellant attempts to excuse the delay in filing her libel by stating therein "that she was fearful that in the event any such claim was presented or action filed against her employer it would result in the loss of her employment, especially in view of her advanced age, which was 62 years at the time of said injury." She testified at the hearing that Captain Rankin, the shore boss for the respondent company, who had the power to hire and fire, told her after she was hurt that she should go to the hospital and the company would take care of her; that it was best not to enter suit because the company would take care of her; that if she kept on working and filed no claim the company would take care of her. Apparently she talked to Rankin twice, once after the first accident and once after the second accident. He gave her substantially the same advice on both occasions. Rankin died since the filing of the libel.

Libellant is a widow and has lived with an adult son since his return from the Army in 1945 or 1946. He is employed by a railroad company. At the time of the first accident in 1945, libellant was a member of the seamen's union. The evidence does not disclose confinement in a hospital for any length of time and, apparently she continued to work for respondent until her resignation approximately two years after the first accident.

From the averment in her libel the court thought it was possible for the libellant to show that she was threatened with the loss of her job if she brought suit against her employer. No affirmative evidence to that effect, however, was given. The fact that the libellant was fearful of losing her employment is not a sufficient reason to excuse the delay in bringing suit for a period of over three years after the accident. See Delpy v. Crowley Launch & Tugboat Co., 9 Cir., 1938, 99 F.2d 36. Libellant must further prove that her fear was justified. This she has failed to do. In her conversations with Captain Rankin, no binding agreement or contract was made for steady employment on condition that she refrain from litigation. No direct threat was made that she would face the loss of her employment if she brought suit. Libellant had every opportunity to secure advice and was physically able to file her claim promptly. Moreover, it appears that up to the date of filing her libel in 1948 she never asked any of the officials of the respondent company to provide care for her.

■ Although the court views the testimony of the libellant in its most favorable light, she failed to show circumstances justifying the delay in filing the libel. Since the delay is inexcusable, there is a presumption that the respondent has been prejudiced. No sufficient evidence to the contrary was produced by libellant as is her burden. Hence, the first cause of action set forth in the libel in which libellant asserts a cause of action for injuries suffered in April or May of 1945 by analogy to the Pennsylvania two year statute of limitations will be dismissed because of laches. Slepski v. Dravo Corporation, D.C.W.D. Pa., 104 F.Supp. 89.

The case shall proceed to trial in respect to the accident which occurred in April of 1947 and on the claim for maintenance and cure alleged to be due as a result of the accidents in April or May of 1945 and April of 1947.

2. Act of 1895, P.L. 236, 12 P.S. § 34.