**Matt STANOVICH, Appellant,**

v.

**Ante JUBLIN and French Sardine Co., a corporation, Appellees.**

**No. 14784.**

United States Court of Appeals Ninth Circuit.

Nov. 17, 1955.

Margolis, McTernan & Branton, Los Angeles, Cal., for appellant.

Allan F. Bullard, San Pedro, Cal., for appellees.

Before HEALY, FEE and CHAMBERS, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from a portion of a judgment in an action brought by appellant, a fisherman, on account of injuries sustained while employed aboard a fishing vessel. The first cause of action set up in the complaint was predicated on negligence under the Jones Act, 46 U.S. C.A. § 688, and the second upon unseaworthiness under the general maritime law. These causes were tried before a jury, and a general verdict was returned awarding appellant damages in the sum of $6,500.

The third count—the only one involved on the appeal—was for maintenance and cure. It was heard by the court sitting in admiralty. The court found that on November 12, 1953, the plaintiff sustained an injury resulting in his immediate separation from the vessel; that he received medical care and attention at the United States Public Health Service Hospital from that date until March 1, 1954, as of which time he had obtained the maximum benefits of his cure; and that he was entitled to recover nothing for maintenance or medical expenses incurred after March 1, 1954. It was stipulated that maintenance was payable at the rate of $5.00 per day, and maintenance at that rate was awarded for the period ending March 1.

In making its findings the court had before it the evidence afforded by the records of the Service. These note that appellant had an artificial leg. They indicate that he had suffered a bruise in the right groin and that no bone damage was found; that continuing improvement occurred through the months of December and January; that a three-month period is ordinarily sufficient for recovery from such injuries as appellant was found to have suffered; and the opinion was expressed that appellant would not be able again to do fishing work. An entry of February 26, 1954 reads: "Maximum hospital benefits. Discharged. Diagnosis, contusion of muscles." The final entry of March 1, 1954 states: "Certificate of discharge issued, maximum benefits, permanently unfit for sea duty."

Following his discharge by the Service, over a period of about six months, appellant sought and received medical care and treatment from a Dr. Alban, who testified on his behalf. On the point whether appellant was permanently unfit for sea duty the doctor apparently was in agreement with the Service. However he said that appellant's condition had undergone substantial improvement because of his treatment. As one of several reasons for so thinking he cited a statement of his patient to the effect that his condition had improved 80 per cent during the period.

■■ Counsel argue that the testimony of Dr. Alban was undisputed and that the court was in error in failing to award appellant further maintenance and the amount of Alban's charges. But the court was not obliged to believe or accept the doctor's testimony. It was free to give greater credence to the findings of the Public Health Service physicians, and obviously did so. A point is attempted to be made with respect to the court's finding that the treatment received by appellant after March 1 "was only palliative in nature." Dictionary definitions of the word "palliate" are called to our attention indicating that the term embraces a wide field and has some broad connotations. On looking into *Webster* we observe that one of the meanings given the word is "to ease without curing." Considering the findings as a whole we entertain no doubt that the court used the word in its latter sense.

The first two counts of appellants complaint alleged pain and suffering and sought an award on account thereof. It is but just to assume that the jury took this aspect of the case into account and that its verdict in part reflects an award in respect of those items. Appellant is not entitled to a double recovery.

Affirmed.