Frank E. MORROW, Libelant,

v.

POINT TOWING COMPANY, a corporation, Defendant.

Civ. A. No. 60-457.

United States District Court
W. D. Pennsylvania.

Sept. 21, 1960.

S. Eldridge Sampliner, Cleveland, Ohio, and Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this seaman's suit arising out of a claim for personal injuries, defendant's motion to dismiss the First Cause of Action of the libel poses three questions, which I shall consider in sequence:

I

Can an action alleging claims for unseaworthiness and maintenance and cure, but not a claim for negligence under the Jones Act, 46 U.S.C.A. § 688, be taken under consideration as a civil action on the law side to be tried before a jury, if diversity of citizenship and required jurisdictional amount are present.

Despite allegations of negligence present in the First Cause of Action, the allegation is premised on unseaworthiness, and further alleges diversity of citizen-

ship and damages in excess of jurisdictional amount.

■ The law in this circuit is well settled that where there is diversity of citizenship the federal district courts are empowered by Section 1332 of 28 U.S.C.A. to entertain civil actions in the nature of actions at law both for maritime torts and for maintenance and cure if the amount in controversy in each instance satisfies the jurisdictional requirement. Jordine v. Walling, 3 Cir., 185 F.2d 662.

■ In view of the allegations conforming to these requirements the respective counts of the libel may properly be considered as a civil action to be tried before a jury.

## II

May a defendant properly raise the defense of laches by filing Exceptions to a Libel or is defendant required to raise such defense affirmatively by Answer.

■■ Where it appears on the face of plaintiff's libel that the case which it makes is barred by the statute of limitations, the defect can be taken advantage of by demurrer. Laches is a defense that need not be set up by plea or answer. It is for the complainant in his complaint to excuse the delay in seeking equitable relief. Kane v. Union of Soviet Socialist Republics et al., 3 Cir., 189 F.2d 303. It would therefore follow that the defense of laches may be properly raised by filing exceptions to the libel.

## III

Must a plaintiff anticipate a defense of laches by pleading facts in his complaint justifying delay.

■ In a suit in admiralty for personal injuries, there is a presumption of prejudice to the defendant arising from libellant's delay in bringing an action making it incumbent on libellant to plead facts negativing laches, both by way of pleading excusable delay and that no prejudice has resulted to the defendant from the delay, Kane v. Union of Soviet Socialist Republics, supra; Stampalia v. Murphy et al., D.C.E.D.Pa., 34 F.2d

660; Crumrine v. Jones & Laughlin Steel Corp., D.C.W.D.Pa., 104 F.Supp. 92.

I shall, therefore, allow libellant twenty days in which to amend the libel in order to plead facts negativing prejudice and excusable delay. Upon failure to so amend the libel, the First Cause of Action will be dismissed.