### BELTRAN v. PENINSULAR & OCCIDENTAL STEAMSHIP CO.

No. 105985.

Small Claims Court, Dade County.

June 12, 1963.

Alfred M. Carvajal, Miami, for plaintiff.

Talbot D'Alemberte of Scott, McCarthy, Preston & Steel, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Judgment is rendered in favor of plaintiff in the sum of $282, plus $12.85 costs. Under the law and the evidence plaintiff is entitled to recover.

However, there has been no competent showing that plaintiff is legally entitled to maintenance and cure in the amount and for the period of time claimed by him. The credible and competent evidence compels a finding that a reasonable time for a maximum cure was 29 days.

The only evidence adduced by plaintiff to establish the nature and extent of his illness was a letter from his doctor to plaintiff's attorney stating that said doctor had treated him from March 21, 1962 through April 18, 1962; that the examination of plaintiff's condition resulted in a diagnosis of "sprue"; that by reason of the medical treatment, during the aforesaid period, plaintiff's condition was improved.

The credible and competent evidence shows that plaintiff had "trench mouth"; that defendant company made available to

plaintiff competent medical care; that plaintiff availed himself of the treatment by the defendant's doctor on March 2nd and March 5th, 1962, and did not return thereafter for further treatment; that 16 days elapsed until plaintiff sought treatment by a doctor of his own choice.

Defendant contends that plaintiff is not entitled to any compensation for maintenance and cure on the ground that defendant discharged its obligation when it proffered medical treatment which plaintiff refused (after two treatments by defendant's physician).

Research reveals no reported cases holding that the employer or vessel owner has been discharged from such obligation because of the seaman's refusal to avail himself of *private* medical care proffered by his employer.

It has been stated as a general principle that refusal by a seaman of care and treatment offered by the employer discharges the obligation of maintenance and cure. McCreese v. Ciudad Martina San Nicholas, S. A. 205 F. 2d 708. See also: Bailey v. City of New York, 153 F. 2d 427; Saguache, 112 F. 2d 482.

However, an analysis of the numerous decisions applying this principle discloses that the *employer or vessel owner is discharged of his obligation when treatment is available to the seaman in a public health service or marine hospital,* and the same is proffered by the employer or owner.

The more recent United States Supreme Court decision, cited. in plaintiff's supplemental memorandum, Vaughn v. Atkinson (1962), 82 S. Ct. 997, 8 L. Ed. 2d 88, seems to express the underlying philosophy of the law applicable in such cases (p. 1000) —

> "Admiralty courts have been liberal in interpreting the duty to pay maintenance and cure for the benefit and protection of seamen who are its wards. The shipowner's liability for maintenance and cure was among 'the most pervasive' of all, and was not to be defeated by restrictive distinctions or 'narrowly confined'. When there are ambiguities or doubts, they are resolved in favor of the seaman."

Under the applicable law governing the extent of compensation, the date when maintenance and cure ends becomes a question of fact to be determined upon the basis of the evidence presented. Norris on Law of Seamen, vol. 1, page 634, section 561, note 3; Stanovich v. Jurlin, 227 F. 2d 245, 1956 AMC 402 (CA. 9th 1955); Bradt v. United States, 1955 AMC 1481 (CA. 2d 1955); Maniatis v. The Archipelago, 159 F. Supp. 245, 1958 AMC 1709 (D. C. Va. 1958).

Moreover, the determination of the point or date where the maximum cure has been reached depends upon the facts of each particular case. Norris on Law of Seamen, vol. 1, page 630, section 560, note 6; Myers v. Isthmian Lines, Inc., 282 F. 2d 28 (CA. 1st 1960); Neville v. American Barge Line Company, 276 F. 2d 117 (CA. 3d 1960); Muruaga v. United States, 172 F. 2d 318, 1949 AMC 214 (CA. 2d 1949).

There has been no competent showing, under the facts herein, of negligence on the part of defendant.

With respect to plaintiff's claim for an allowance of attorney's fees as "court costs", no authority has been cited in support of such proposition. Moreover, the evidence offers no factual basis for the allowance of an attorney's fee as a legally compensable element of damages, and the same is denied.

On the basis of the foregoing, the court is of the opinion that defendant (employer) is liable for maintenance and cure of plaintiff (employee). Judgment is, therefore, entered in accordance with the amount stated above for medical and drug expenses, and maintenance at the rate of $8 per day, which the court hereby finds to be fair and reasonable herein.