Rosella GEORGE, Plaintiff,

v.

HILLMAN TRANSPORTATION COMPANY, Defendant.

Civ. A. Nos. 69–809, 69–1225, 70–394.

United States District Court,
W. D. Pennsylvania.

March 21, 1972.

See also D.C., 313 F.Supp. 1115.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Clyde W. Armstrong, and William M. Wycoff, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

These three consolidated cases arise out of two separate incidents in which plaintiff claims she was injured. Defendant has filed motions for Summary Judgment in each case on the grounds that the negligence claims asserted under the Jones Act are barred by the three year statute of limitations upon such claims, that the seaworthiness claims under the general maritime law are barred by laches and that the claim for maintenance and cure must fail for want of notice and demand for maintenance and cure by plaintiff.

These motions for summary judgment were filed at the end of all pretrial preparation, and the grounds therefor were thoroughly reviewed at the pretrial conference as well as the full hearing on the motions. Plaintiff's counsel was warned before the hearing that the brief which he filed was not a sufficient response to the evidentiary matters submitted by movant and he was allowed additional time. After the hearing he was allowed further time to supply evidentiary materials.

[1] We believe that Fed.R.Civ.P. 56(e) as amended places a real burden on a responding party that cannot be met by mere allegations or briefs, and the plaintiff has been afforded ample opportunity to meet this burden:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party

may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." F.R. of Civ.P. 56(e).

The chronology of the various claims is as follows:

*Civil Action No. 69–809*, filed July 7, 1969, asserts a claim for negligence under the Jones Act, and unseaworthiness under the general maritime law for an injury allegedly received in October, November or December 1962, whereby as a result of an attack by a fellow member of the crew, her back was injured.

*Civil Action No. 69–1225* asserts a claim for maintenance and cure arising out of the above incident and consequential damages.

*Civil Action No. 70–394*, filed April 3, 1970, asserts a claim for negligence under the Jones Act, and unseaworthiness under the general maritime law, and for maintenance and cure for injuries allegedly received in 1963 when oven doors in the galley stove of the vessels fell open and struck her legs causing various circulatory troubles and consequential damages for failure to pay maintenance and cure.

I. *The Jones Act Claims for Negligence.*

(Civil Action No. 69–809 and Civil Action No. 70–394).

With respect to allegations under the Jones Act for negligence the action must be brought within the three year statute of limitations found in 45 U.S.C. § 56. None of the Jones Act claims were brought within this period.

■ The three year statute of limitations under Jones Act actions "is one of substantive right, setting a limit to the existence of the obligation which the Act creates." Engel v. Davenport, 271 U.S. 33, 38, 46 S.Ct. 410, 412, 70 L.Ed. 813 [1926].

However, the court may apply equitable principles to estop a defendant to assert the statute of limitations where his own conduct or representations have caused plaintiff to delay filing suit. Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L. Ed.2d 770 [1959].

In response to the motion and evidentiary material filed by defendant in support of the motion, plaintiff produces the following evidentiary material:

(a) Her affidavit that she was fearful of losing any employment or would be blacklisted for employment by other companies if she filed suit;

(b) Deposition testimony of plaintiff that the failure of any physicians consulted to support her claim that the symptoms which she suffered were from the back injury alleged until 1968;

(c) Deposition testimony of plaintiff that she was unaware of her rights to sue for injuries received aboard the vessel;

(d) Deposition testimony that in 1968 she consulted an attorney who told her that she had no case.

■ In a motion for summary judgment the burden is on the plaintiff to present facts which, if true, would require a court as a matter of law to estop the defendant from asserting the statute of limitations. Longo v. P. & L. E. R. Co., 355 F.2d 443 [3rd Cir., 1966]. This is a question of law to be determined by the court. Burke v. Gateway Clipper, Inc., 441 F.2d 946 [3rd Cir., 1971].

■ The plaintiff's evidentiary material asserts the grounds of (a) ignorance of the nature of the injuries; (b) ignorance of plaintiff's right to sue; and (c) fear of loss of employment. Of these grounds, only the fear of loss of employment can be in any way attributable to the defendant. Yet plaintiff has produced no evidence to show that such fear was induced by any action of the defendant. In fact, the evidentiary effect of this alleged fear is lost when we con-

sider the evidence that defendant ceased its maritime business on March 31, 1965 and discharged its employees, including plaintiff.

We find nothing in the evidentiary material produced before us to warrant the invocation of the equitable doctrine of estoppel against defendant's assertion of the three year statute of limitations.

## II. *The Unseaworthiness Claims.*

(Civil Action No. 69–809 and Civil Action No. 70–394).

■ As to the unseaworthiness claim for both accidents the three year statute does not apply, but the equitable defense of laches applies. This is a matter to be determined by the court. Gardner v. Panama Railroad Co., 342 U. S. 29, 30, 72 S.Ct. 12, 96 L.Ed. 31 [1951]; Burnett v. New York Central R. R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 [1965]. The burden is upon the plaintiff to come forward and prove that his delay was excusable and that it did not unduly prejudice the defendant. Mroz v. Dravo Corp., 429 F.2d 1156 [3rd Cir., 1970]; Lipfird v. Mississippi Valley Barge Line, 310 F.2d 639 [3rd Cir., 1962]. In these cases more than six years in the one case and seven in the other case had passed before suit was instituted. Plaintiff does not allege that defendant had notice or knowledge of her claim, except that she had told some supervisory employees of back pains and leg pains that prevented her from working for periods in 1964. On her return to work after a thirteen month layoff in October 1964 she had a re-employment physical examination and did not mention these injuries to the physician examining for the company. At no time after leaving the employ of the defendant on March 31, 1965 did she assert any claim against the company until these suits were filed.

■ The mere passage of time creates a presumption of prejudice to the defendant. Morrow v. Point Towing Co., 187 F.Supp. 168 [W.D.Pa., 1960]. The plaintiff has produced no evidence to show that defendant is not prejudiced, except to make an unsworn assertion that the only eyewitness to the 1962 incident, the seaman who attacked her, is presently available. On the other hand the defendant reinforces the presumption of prejudice by showing that the company suspended all towing operations and terminated the employment of all operating personnel, including plaintiff, on March 31, 1965. The affidavit of defendant's president further avers that it has no records in its files of any accident or injuries suffered by plaintiff.

Thus, plaintiff has not carried her burden of proof on the question of prejudice. She must also carry the burden on excusable delay.

■ Plaintiff alleges that she was afraid to sue for fear of loss of her employment. While this type of allegation has been held insufficient to prove excusable delay, Crumrine v. Jones & Laughlin Steel Corp., 104 F.Supp. 92 [W.D.Pa., 1951], the evidence here shows that she laid off from work for a period of thirteen months during the three year period following both accidents and that she was terminated from employment in March 1965 and brought no claim for almost four years thereafter.

Plaintiff alleges that she was unaware of the nature of her injuries and their relationship to the complaints from which she suffered until late 1968 when she learned of them through employment physical examinations. Yet her own deposition, and the documentary evidence from records of the United States Public Health Service in 1964 show that she reported to an examining physician on May 6, 1964 that she hurt her back a year or two before when hyperextended over a sink, but still gets occasional back pain.

Her principal complaint given to the United States Public Health Service in 1964 was that her legs had been bothering her for the last six months, that she felt a burning sensation and numbness.

The medical impression was "circulatory problem" and she was given medication. A reaction to the medication caused a change in prescription, and on a visit of June 16, 1964 her legs were much improved, very few symptoms were present, leg ache now occurs only with a lot of exercise, i. e. running up and down steps a great deal.

While plaintiff testified that she was unaware of her rights this testimony is contradicted by her own testimony that she was afraid to bring suit because of fear of loss of her job.

█ We do not consider the testimony of plaintiff that an attorney told her that she had no case to be of any probative value in this matter because the event occurred in 1968 or 1969, six or seven years after the accidents alleged. In any event, faulty judgment of counsel is no defense against the charge of laches. Landell v. Northern Pacific Rwy Co., 122 F.Supp. 253, affd. 96 U.S.App. D.C. 24, 253 F.2d 316 [1955].

Plaintiff's counsel argues that neither laches nor the statutory limitation of action should apply because plaintiff was unaware of her injuries until discovered in 1968. But her own testimony and medical records reveal that she was well aware of the back injury in 1962.

Plaintiff fully explains the entire reason for her delay in one statement. On pp. 40–41 of her deposition she testified:

"To tell you the truth, I didn't want to do anything until I found out I was completely disabled to work. As long as I was able to work, I was willing to go out and get a job."

In Mroz v. Dravo Corporation, 429 F. 2d 1156 [3rd Cir., 1970], the Court of Appeals held:

"The district court held that the testimony of the plaintiff that she knew she had a right of action against the defendant but did not bring a timely suit because she did not lose any wages and because the doctor had told her nothing was wrong with her, did not reveal exceptional circumstances which in equity could excuse her delay." (p. 1160).

This is basically the contention of plaintiff here and we, therefore, hold that plaintiff has failed to produce evidence to show that the delay was excusable.

Because plaintiff has failed to produce evidence creating an issue of fact that delay was excusable or that defendant was not prejudiced by the delay, we find that the unseaworthiness claims in both these actions are barred by the defense of laches.

III. *The Claims for Consequential Damages for Failure to Give Maintenance and Cure.*

(Civil Action No. 69–1225 and Civil Action No. 70–394).

Civil Action No. 69–1225 is a separate action for maintenance and cure for the injuries received from the 1962 back bending incident and Civil Action No. 70–394 contains a count for maintenance and cure for the injuries received from the 1963 oven door incidents. Both actions claim damages for the negligent failure to furnish maintenance and cure.

On Page 44 of the transcript of her deposition, plaintiff was asked and answered the following questions:

"Q. You say you have made no claim or demand upon Hillman Transportation Company for your injuries?

A. No. No.

Q. Have you made any claim or demand upon them to provide you with medical treatment of any kind?

A. No. I didn't make any demands."

Defendant moves for summary judgment against the claims for maintenance and cure because of the lack of any demand or notice to it. This is a defense to consequential damage claims.

█ A series of cases in this circuit have established that liability for damages for the failure to supply the same,

must be limited "to damages for those consequences occurring after notice to defendant of libellant's need of care and of his inability to procure it because of indigence." Graham v. Alcoa S. S. Co., 201 F.2d 423 [3rd Cir., 1953]. See also: Sims v. United States of America War Shipping Administration, 186 F.2d 972 [3rd Cir., 1951]; O'Neill v. United States, 157 F.Supp. 193 [E.D.Pa., 1951].

Similarly, the vessel owner may not be charged with wrongful failure to tender or make available special medical care until the need therefor shall have been made reasonably apparent. Neville v. American Barge Line Co., 276 F.2d 117, [3rd Cir., 1950].

It appears that plaintiff's counsel also recognized this principle. At argument before Judge Gourley on a motion to dismiss Civil Action No. 70–394, held May 12, 1970 [Tr. pp. 17, 18], the following appears:

"The Court: I am saying up to the date that you filed your complaint you couldn't have any basis for damages for failure to provide maintenance and cure if you never asked and the defendant didn't know.

Mr. Schlesinger: That is true, your Honor. There wouldn't be any claim for damages prior to the time that they had knowledge of the fact that she needed maintenance and cure."

■ On the bases of these cases and the evidentiary material in support of defendant's motion to dismiss, we hold that the counts for damages for failure to furnish maintenance and cure as pleaded in Civil Action No. 69–1225 and Civil Action No. 70–394 must fail.

IV. *The Maintenance and Cure Claims.*
Civil Action No. 69–1225 and Civil Action No. 70–394).

■ In the claim for maintenance and cure pleaded in both actions a different rule must apply. We do not believe that a statute of limitations or laches defense can be applied as a matter of summary judgment:

"It would serve no useful purpose to attempt to rationalize from the plethora of cases in order to define the legal concept of maintenance and cure, except to state that each case is predicated upon its own peculiar factual circumstances. . . ." Neff v. Dravo Corporation, 407 F.2d 228, 235 [3rd Cir., 1969].

The right arises from the fact that the seaman, while in the service of the ship, became disabled through no fault of his own. Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107 [1943]. It makes no difference that the disability was completely unrelated to the seaman's employment on the ship. Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850 [1949]. The obligation to provide maintenance and cure continues until maximum medical recovery has in fact been achieved. Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 [1962].

■ The obligation to furnish maintenance and cure continues, once it has attached, until the seaman has obtained the utmost cure possible, unless he wilfully refuses the medical aid which would benefit him. Sobosle v. United States Steel Corp., 359 F.2d 7 [3rd Cir., 1966]. The duty to provide maintenance and cure does not stop with libellant's separation from employment. Murphy v. American Barge Line, 169 F.2d 61 [3rd Cir., 1948]; Brown v. Dravo Corp., 258 F.2d 704 [3rd Cir., 1968]. The obligation is a continuous one, and each day's claim may be sued on individually. While a bar of six years prior to the institution of suit may be applied by analogy to the contract limitation, this would not necessarily bar recovery for later time if delay in bringing the suit did not, itself, constitute laches. Loverich v. Warner Co., 118 F.2d 690, 693 [3rd Cir., 1941].

The evidentiary record produced in support of the motion does show extensive medical treatments sought over a

period of years by plaintiff with periods of absence from work because of plaintiff's physical condition. We cannot say that there is no disputed issue of fact with respect to plaintiff's claim for maintenance and cure in both actions, and in this respect defendant's motion for summary judgment must be denied and the matters raised be considered at a trial on the merits.