John M. ATKINS, Plaintiff-Appellant,

v.

**UNION PACIFIC RAILROAD CO., Defendant-Appellee.**

No. 80–3225.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1981.

Decided Aug. 31, 1982.

James J. Roberson, Portland, Or., for plaintiff-appellant.

Jeff S. Asay, Portland, Or., for defendant-appellee.

Before GOODWIN and FLETCHER, Circuit Judges, and McNICHOLS,* District Judge.

FLETCHER, Circuit Judge:

This is an appeal from the dismissal of plaintiff Atkins' FELA action on the ground that his claim is barred by the statute of limitations. *See* 45 U.S.C. § 56 (1976). Atkins argues that his mental incompetence tolled the statute, or alternatively, that Union Pacific is estopped to assert the statute of limitations. We agree with the latter argument and reverse.

I

FACTS

Plaintiff Atkins received an eye injury in an on-the-job accident on June 11, 1975. Three months prior to the injury, he had been hospitalized for psychiatric problems, from which he had recovered sufficiently to resume work. After the eye injury, Atkins contacted two law firms, neither of which ever took any action on his behalf, for reasons that do not appear in the record. However, it is not disputed that during most of the three years following the accident, Atkins was under the impression that a lawyer was representing him.

During 1976 and 1977, between the time the first law firm disclaimed representation of Atkins and the time he apparently con-

---

* The Honorable Robert J. McNichols, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

tacted another law firm, the railroad's claims agent discussed with Atkins settling his claim. The claims agent offered $20,000; Atkins replied that he would like $50,000. The claims agent promised to relay Atkins' demand to the railroad, and get back to him or to his attorney, if he had one. The claims agent never again contacted Atkins or an attorney until after the statute had run, although the agent received a letter from an attorney in the firm supposedly representing Atkins, disclaiming such representation.

Atkins filed this suit in district court on January 9, 1978. The railroad moved for summary judgment on statute of limitations grounds. Atkins contended, and submitted some evidence in support of his claim, that he was or had been mentally incompetent and that the statute of limitations should be tolled. He argued alternatively that the railroad should be estopped to raise the statute, because it did not pursue the settlement negotiations it began, and it did not advise Atkins about the letter from the second law firm disclaiming Atkins' representation. The magistrate granted summary judgment to defendant railroad, and the district court affirmed. Atkins brings this appeal.

## II

## ANALYSIS

### A. Mental Incompetence

Plaintiff first contends that his mental incompetence should toll the statute of limitations on his FELA claims. The district court did not reach the issue whether tolling was possible, because it held that Atkins had not raised an issue of fact as to his incompetence. The railroad argues that mental incompetence can never toll the statute of limitations in a FELA case.

■ We conclude that Atkins has not raised a triable issue of fact as to his competence. The only evidence of incompetence he produced was two medical reports from the period of Atkins' hospitalization for psychiatric problems shortly before the eye accident. The reports conclude that he

is a man of low intelligence and little education, with a possibility of brain disfunction or psychosis. This is not enough to raise an issue as to whether he was incompetent after the accident.

Because we find no issue of fact, we need not decide whether the plaintiff's incompetence will ever toll the FELA statute of limitations. *But see Brooks v. Southern Pacific Co.*, 105 Ariz. 442, 445, 466 P.2d 736, 739 (1970) (holding that FELA statute of limitations is tolled by incompetence).

### B. Estoppel

■ Atkins also contends that the railroad should be estopped to raise the statute of limitations because of its handling of his claim. It is well settled that an FELA defendant can be estopped to raise the statute of limitations for equitable reasons. *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 235, 79 S.Ct. 760, 763, 3 L.Ed.2d 770 (1959); *Fletcher v. Union Pacific R.R. Co.*, 621 F.2d 902, 906 (8th Cir. 1980); *Scarborough v. Atlantic Coast Line R.R.*, 178 F.2d 253, 259 (4th Cir. 1949). The question then is whether Atkins alleged sufficient facts to support a claim of estoppel.

The essential facts alleged are these: (1) Atkins is a man of low intelligence and poor memory, and the defendant knew this; (2) defendant made a settlement offer, but never replied to Atkins' counter-offer until after the statute had run; (3) defendant knew Atkins thought he was represented by the Reiter law firm, but did not inform Atkins when it received a letter from Reiter's partner disclaiming representation; (4) that defendant acted in bad faith; (5) that Atkins relied on the defendant's pursuit of a settlement.

■ Defendant argues that these facts, even if true, would not support a claim of estoppel, because Atkins is asserting "estoppel by silence" and it had no duty to speak. Under ordinary circumstances, the employer probably has no duty to inform the injured employee of the statute of limitations. *See Burke v. Gateway Clipper, Inc.*, 441

F.2d 946, 948–49 & n. 5 (3d Cir. 1971); *Benson v. Milwaukee Road*, 353 F.Supp. 889 (E.D.Wis.1973); *George v. Hillman Transportation Co.*, 340 F.Supp. 296, 299–300 (W.D.Pa.1972). However, conduct or representations by the defendant-employer which tend to " 'lull[ ] [the plaintiff] into a false sense of security,' " can estop the defendant from raising the statute of limitations, on the general equitable principle that "no man may take advantage of his own wrong." *Glus v. Brooklyn Eastern Terminal*, 359 U.S. 231, 232–33, 79 S.Ct. 760, 761–62, 3 L.Ed.2d 770 (1959) (quoting *Schroeder v. Young*, 161 U.S. 334, 344, 16 S.Ct. 512, 516, 40 L.Ed. 721 (1896)).

■ We find that plaintiff has alleged facts which, if true, would estop defendant from asserting the statute. If the defendant knew or suspected that Atkins was unrepresented; if it knew or suspected that he had a limited ability to protect his own interests; and if Atkins relied on the claims agent's assurances that the railroad would settle the claim, the defendant must in equity be estopped to plead the statute. *See Mumpower v. Southern Ry. Co.*, 270 F.Supp. 318, 319–20 (W.D.Va.1967); *La Bonte v. New York, New Haven and Hartford R.R. Co.*, 341 Mass. 127, 131–32, 167 N.E.2d 629, 632–33 (Mass.1960).

The magistrate resolved these factual issues against Atkins in findings as to defendant's agent's state of mind. This was improper on a motion for summary judgment. Where a party's motive or intent is in issue, summary judgment is rarely proper. *Consolidated Electric Co. v. United States*, 355 F.2d 437, 438–39 (9th Cir. 1966). The plaintiff need not produce direct evidence of defendant's state of mind to survive summary judgment. *See id.* at 439–40.

### III

### CONCLUSION

The factual issues supporting Atkins' claim of estoppel must be resolved at trial. The summary judgment in favor of Union Pacific is , therefore REVERSED and the case is REMANDED for further proceedings.

GOODWIN, Circuit Judge, dissenting.

I dissent. Atkins knew when he turned down $20,000 and demanded $50,000 that no settlement was pending. Whether or not Atkins had a lawyer is immaterial. Every defendant has the right to remain quiet and let the statute run. That is the way the system works.

I would affirm the trial court.