**John M. ATKINS, Plaintiff-Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant-Appellee.**

No. 83–4272.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 1985.

Decided Feb. 11, 1985.

James J. Roberson, Lake Oswego, Or., for plaintiff-appellant.

Austin W. Crowe, Jr., Cosgrave & Kester, Portland, Or., for defendant-appellee.

Before KILKENNY, GOODWIN and SKOPIL, Circuit Judges.

PER CURIAM.

This appeal marks the second time this case has been before this court. *See Atkins v. Union Pac. R.*, 685 F.2d 1146 (CA9 1982). We affirm.

In our prior decision, we established a three-prong test for determining whether the railroad should be estopped from asserting the statute of limitations as an af-

firmative defense. 685 F.2d at 1149. The third of these conjunctive prongs was whether Atkins had relied on the railroad's assurances that Atkins' claim would be settled. *Id.* This part of the test was based on our finding "that plaintiff has alleged facts which, if true, would estop defendant from asserting the statute." *Id.* Two of those facts accepted as true for purposes of the appeal were that Atkins had made a settlement counteroffer which the railroad had under consideration at the time the statute ran, and that Atkins had relied on the railroad's pursuit of a settlement. 685 F.2d at 1148.

Atkins admitted, both on cross-examination and on close questioning from the bench, that the discussion of the $50,000.00 figure following his rejection of the railroad's offer of $20,000.00 was *not* intended as a counteroffer. Thus, there was no outstanding and unresponded-to counteroffer at the time of the statute's running. Further, plaintiff's actions in promptly retaining the services of several different attorneys over the space of three and one-half years clearly manifested an intent not to rely blindly and naively on the railroad to settle his claim.

In order to assert successfully the doctrine of equitable estoppel, a plaintiff must show that the defendant's conduct was so misleading as to have caused the plaintiff's failure to file suit. *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 234–35, 79 S.Ct. 760, 762–63, 3 L.Ed.2d 770 (1959). More to the point, equitable estoppel will not apply to a claim such as this one unless the plaintiff shows either (1) an affirmative statement that the statutory period to bring the action was longer than it actually was; (2) promises to make a better settlement of the claim if plaintiff did not bring the threatened suit; or (3) similar representations or conduct on the part of the defendants. *See Burke v. Gateway Clipper*, 441 F.2d 946, 949 (CA3 1971).

Construing the facts in a light most favorable to the plaintiff, *see Guillory v. County of Orange*, 731 F.2d 1379, 1382 (CA9 1984), we concur in the lower court's conclusion that Union Pacific neither actively nor passively sought to mislead plaintiff into delaying the filing of his lawsuit. The decision of the district court is therefore AFFIRMED.