DECISION
{¶ 1} On November 24, 1999, Sherry Schaeffer-Wong, mother of plaintiff-appellant, Kimberly J. Collins, was injured in an automobile accident as the result of the negligence of an underinsured motorist. Wong settled with the tortfeasor on July 2, 2000, for his insurance limits of $100,000. On October 10, 2002, appellant filed a complaint in the Franklin County Court of Common Pleas against appellee, Grange Mutual Casualty Company, seeking a declaration that appellant is an insured and entitled to underinsurance coverage for a loss of consortium claim regarding her mother's accident.
 {¶ 2} Appellee filed a motion for summary judgment contending that appellant had not commenced the action within the two-year limitation contained within the insurance policy. Appellant filed a motion for summary judgment arguing she is an insured under the policy and the claim was timely commenced. The trial court granted appellee's motion for summary judgment, finding that appellant's claim was barred by the two-year limitation contained within the insurance policy. Appellant filed a notice of appeal and raises the following assignment of error:
The trial court erred to the prejudice of the [Plaintiff] when it granted the [defendant's] motion for summary judgment.
 {¶ 3} By the assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment. To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Williams v. First United Church of Christ
(1974), 37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 4} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio stated that the moving party, on the ground that the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ.R. 56 to show the existence or non-existence of genuine issues of fact.
 {¶ 5} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maustv. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy.
 {¶ 6} The insurance policy provided a two-year limitation, at page 3, as follows:
Any arbitration or suit against us will be barred unless commenced within 2 years (TWO YEARS) from the date of the accident or 1 year (ONE YEAR) after the date that you were aware, or should have been aware, of a claim for which coverage would apply whichever is later.
 {¶ 7} Appellee contends that appellant had to file her claim by November 24, 2001, which was two years after the accident, or by July 2, 2001, because that was one year after appellant should have known about her loss of consortium claim becoming subject to underinsurance benefits. Appellant argues that she timely commenced her action because she filed the action within one year after learning of the existence of the policy, which was sometime after October 15, 2001. Appellant stated in her affidavit that she was not aware of the existence of the policy because her now former husband handled all of the insurance matters with appellee in their household. Her former husband was the named insured on the policy. Appellant filed the lawsuit on October 10, 2002, which was within one year after she became aware of the existence of the policy.
 {¶ 8} Appellant argues that the Ohio Supreme Court determined, in Ferrando v. Auto-Owners Mut. Ins. Co.,98 Ohio St.3d 186, 2002-Ohio-7217, that an additional insured could possibly receive more time to provide notice to an insurance company than a named insured. In Ferrando, the plaintiff was driving a city-owned vehicle in the course of his employment when he observed a truck lose part of its load onto the road. The plaintiff stopped his vehicle and got out to help clear the road when the driver of the truck backed up, struck and injured him. The Ferrandos filed an underinsured motorist claim with his insurance company and, during the pendency of that case, discovered that his employer carried underinsured coverage. The city's carrier denied coverage since it had not been notified of the accident until three and one-half years after its occurrence.
 {¶ 9} The issue before the court was whether the Ferrandos' notice of the accident to the insurer was a breach of the prompt notice provision of the policy and, if so, the effects of the breach. The court stated that the fact that the Ferrandos were not named insureds did not relieve them of the responsibility to comply with the terms of the policy; however, the court recognized that, when an additional insured seeks to recover under an uninsured or underinsured policy, special circumstances can complicate the inquiry into the reasonableness of the notice provided. The Ferrando court quoted Annotation, Liability Insurance: Timeliness of Notice of Accident by Additional Insured (1973), 47 A.L.R.3d 199, 202, Section 2[a], at ¶ 97-98, as follows:
"[C]ourts have generally construed such language [requiring that prompt notice of an accident be given to an insurer] to mean that notice must be given within a reasonable time under the circumstances of the case. * * *
"Where coverage is sought by an additional insured, that is, by a person who is not the named insured under the policy * * * the most common reason for failure of such additional insured to give timely notice to the named insured's insurer is that the additional insured was not aware of the fact that he was covered under the policy issued to the named insured. Courts have generally held that where an additional insured's ignorance of coverage is understandable, and where notice is given promptly after the additional insured becomes aware of possible coverage, even a long period of delay is excusable * * *. However, courts place limits on their liberality with respect to excusing delayed notice by holding generally that ignorance of coverage is no excuse where the additional insured failed to exercise due diligence in investigating possible coverage, a caveat which is usually invoked where the facts are such that the additional insured should have looked into the matter of coverage sooner than he did." * * *
 {¶ 10} In this case, alleged ignorance of the Grange policy is no excuse for the delay because appellant failed to exercise due diligence in investigating possible coverage. The accident occurred on November 24, 1999, and her claim arose on July 2, 2000, when Wong settled with the tortfeasor for his insurance limits of $100,000. At that time, appellant and Robert Christopher Collins, the Grange policyholder, were still married. See October 24, 2001 letter from appellant's counsel to appellee. As appellant was married to the policyholder at that time, she should have investigated any possible claims. The failure to exercise due diligence negates any excusable delay in providing notice. Appellant failed to provide notice within the two-year policy limitation.
 {¶ 11} Appellant's next argument is that she made a demand for arbitration within the two-year policy limitation. On October 24, 2001, appellant's counsel sent appellee a letter of representation which stated she was making a demand for arbitration but deferred "setting an arbitration hearing date until a good faith effort has been made to reach an amicable settlement of our client's claims, after being released from medical care." This representation does not "commence" arbitration as required by the two-year policy limitation.
 {¶ 12} Appellant's final argument is that appellee is precluded from asserting a statute of limitations defense on the grounds of equitable estoppel. Appellant contends that, since appellee's agent acknowledged the existence of a claim within the two-year policy but did not notify appellant that the policy contained a two-year limitation period to commence a lawsuit or arbitration, appellee should be precluded from asserting a statute of limitations defense.
 {¶ 13} "Equitable estoppel prevents a party from exercising rights against one who has, in good faith, relied upon the conduct of that party to his detriment." Burkhalter v. OhioState Highway Patrol (July 19, 2001), Franklin App. No. 00AP-1310. A plaintiff must prove four elements establishing equitable estoppel: (1) that the defendant made a factual misrepresentation; (2) that it was misleading; (3) that it induced actual reliance which is reasonable and in good faith; and (4) that it caused detriment to the relying party. Doe v.Blue Cross/Blue Shield of Ohio (1992), 79 Ohio App.3d 369, 379. The doctrine of equitable estoppel has been used to bar reliance on the defense of statute of limitations where the plaintiff demonstrates either: "`(1) an affirmative statement that the statutory period to bring an action was larger than it actually was, (2) promises to make a better settlement of the claim if plaintiff did not bring the threatened suit, or (3) similar representations or conduct on the part of the defendants.'"Cerney v. Norfolk W. Ry. Co. (1995), 104 Ohio App.3d 482,488, quoting Atkins v. Union Pacific R.R. Co. (C.A.9, 1985),753 F.2d 776, 777.
 {¶ 14} Appellant argues that appellee had a duty to inform appellant of the two-year limitation within the policy, citing Ohio Adm. Code 3901-1-54(G)(5). However, that section is inapplicable since it applies to claimants not represented by counsel. Appellant argues that Ohio Adm. Code 3901-1-54(F)(3), which requires an insurance company to respond within ten days to any communication from a claimant when that communication suggests a response is appropriate, and Ohio Adm. Code3901-1-54(E)(1), which requires an insurance company to fully disclose to all first-party claimants all pertinent benefits, coverage or other provisions of an insurance contract under which a claim is presented, requires appellee to inform appellant of the two-year policy limitation. However, these sections do not require appellee to inform appellant of the limitation. It is not appellee's duty to inform appellant's counsel regarding the policy provisions. The doctrine of equitable estoppel is not applicable to these facts.
 {¶ 15} Appellant failed to comply with the policy limitations because a lawsuit or arbitration was not commenced within two years of the date of the accident or from one year after the date that appellant should have been aware of a claim for which coverage would apply. The trial court did not err in granting appellee's motion for summary judgment. Appellant's assignment of error is not well-taken.
 {¶ 16} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus, P.J., and Deshler, J., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.