**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. C., by and through his mother and guardian ad litem, W.P., and W.P. individually, <br><br>         Plaintiff - Appellant, <br><br> v. <br><br> CAMBRIAN SCHOOL DISTRICT; FAMMATRE CHARTER ELEMENTARY SCHOOL; KRISTI SCHWIEBERT; DEBORAH BLOW, <br><br>         Defendants - Appellees. | No. 14-15300 <br><br> D.C. No. 3:12-cv-03513-WHO <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick III, District Judge, Presiding

Argued and Submitted March 17, 2016
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

J.C. and his mother, W.P., appeal from an adverse summary judgment

dismissing claims that J.C. was wrongfully denied admission to Fammatre Charter

---

       *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Elementary School because of his disability. The district court granted summary judgment to the defendant school, school district, and school employees on all claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court correctly granted summary judgment on J.C.'s ADA and Rehabilitation Act claims because J.C. has failed to raise an issue of material fact on causation. Under the ADA, J.C. is required to show that he was denied admission "by reason of his disability." 42 U.S.C. § 12132. The Rehabilitation Act similarly requires J.C. to show that he was denied admission "solely by reason of . . . his disability." 29 U.S.C. § 794(a). J.C. has not presented admissible evidence that raises a genuine issue of material fact that supports his theory that the school's admission decision was motivated by disability discrimination. To the contrary, the evidence shows that J.C. was denied admission pursuant to a valid admissions policy.

Regardless of whether the school defendants were required to give preference to existing students under California Education Code § 47605(d), Fammatre's enrollment policy explicitly gave preference to existing students. The definition of "existing students" under Fammatre's enrollment policy, however, reasonably excluded students like J.C., who move out of district while attending Fammatre. After the school district determined that the second grade class at

2

Fammatre was at-capacity for budget reasons, the district's decision not to admit students on the waiting list, including J.C., was reasonable and not based on discrimination. J.C.'s allegations of a strained relationship between his mother and the school, isolated negative interactions between J.C., W.P. and school personnel, and the process by which W.P. learned that J.C. would need to apply as a transfer student, do not substantiate an allegation of disability discrimination. Because J.C. has not raised an issue of material fact on the causation element of his ADA and Rehabilitation Act claims, summary judgment was properly granted.

2. J.C. concedes on appeal that his state tort claims depend on his ADA and Rehabilitation Act claims. Because summary judgment was properly granted on those claims, we affirm the summary dismissal of J.C.'s state tort claims as well.

**AFFIRMED.**

JC v Cambrian School Dist. No. 14-15300

Wardlaw, J., concurring in part and dissenting in part.

I concur in the majority's holding affirming the district court's grant of summary judgment on J.C.'s state law claims; those claims are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984). And because J.C. cannot satisfy the Rehabilitation Act's "strict[]" causal standard, *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1099 (9th Cir. 2013), I also concur in that portion of the majority's holding. As to J.C.'s ADA claim, however, I respectfully dissent.

The majority holds that J.C. has not raised a genuine dispute of material fact on the causation element of his ADA claim, i.e., whether he was denied admission to Fammatre "by reason of his disability." 42 U.S.C. § 12132. According to the majority, the second-grade class was at capacity for budgetary reasons, so the decision to exclude J.C. was reasonable and non-discriminatory. However, because the district court held that J.C. was not "otherwise qualified" to attend Fammatre and did not reach the causation element, the appropriate course is to remand for the district court to consider this question in the first instance.

Moreover, "[w]here a party's motive or intent is in issue, summary judgment is rarely proper." *Atkins v. Union Pac. R. Co.*, 685 F.2d 1146, 1149 (9th Cir. 1982). Here, J.C. has provided sufficient evidence to raise a genuine issue of fact

as to whether the second-grade enrollment cap was motivated solely by legitimate budgetary concerns or at least in part by discriminatory animus. It is undisputed that J.C. was first on Fammatre's waiting list. In other words, the enrollment cap narrowly excluded J.C. Among other evidence, J.C. provided attendance sheets showing that Fammatre had accommodated 89 second graders during the 2010–2011 school year, then reduced the second-grade enrollment cap to 87 students for the 2011–2012 school year. The attendance sheets also indicate that Fammatre could have moved one third grader out of the second and third-grade combination class, creating space for an additional second grader without adverse financial effects. Additionally, J.C.'s mother, W.P., testified that Fammatre staff often responded to J.C.'s disability with frustration: For example, W.P. once visited J.C. at school and discovered that he had been excluded from a class trip to the library. W.P. also spoke to J.C.'s teacher about a time when she forced J.C. and another disabled student to turn their desks around and face the back of the classroom. The majority dismisses these troubling incidents as "isolated negative interactions," but "[w]hen plaintiffs allege intentional discrimination under the ADA, . . . 'any indication of discriminatory motive may suffice to raise a question that can only be resolved by a factfinder.'" *Pac. Shores Properties, LLC v. City of Newport Beach*, 730 F.3d 1142, 1156 (9th Cir. 2013) (quoting *McGinest v. GTE*

2

*Serv. Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004)).

Based on this and other evidence, I would find that J.C. has raised a genuine dispute of material fact on the causation element of his ADA claim. I would further hold that the ADA claim is not barred by Eleventh Amendment immunity under existing law, *see Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 792 (9th Cir. 2004), but remand for further consideration in light of *United States v. Georgia*, 546 U.S. 151 (2006).