**Rocco D. LONGO, Appellant,**

v.

**The PITTSBURGH AND LAKE ERIE RAILROAD COMPANY, NEW YORK CENTRAL SYSTEM.**

**No. 15342.**

United States Court of Appeals Third Circuit.

Argued Dec. 3, 1965.

Decided Jan. 3, 1966.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Gordon E. Neuenschwander, Pittsburgh, Pa., for appellee.

Before HASTIE, GANEY and FREEDMAN, Circuit Judges.

HASTIE, Circuit Judge.

In this action, brought under the Federal Employers' Liability Act by a railroad worker against his employer for negligent injury suffered while railroading, the district court granted summary judgment on the ground that the pleadings and the plaintiff's own deposition established that the action was barred by the applicable three years statute of limitations.[1] On this appeal the plaintiff contends that the record disclosed a need to try a disputed factual issue, whether circumstances, particularly the defendant railroad's own conduct, were such as to estop the defendant from asserting the statute of limitations as a defense.

The complaint shows on its face that it was filed more than four years after the accident in suit. At the same time, seeking to avoid the bar of the statute of limitations, the plaintiff pleaded that "the reason he did not enter suit prior to the date hereof is because defendants' claim agent, R. G. Sylves, assured plaintiff that his case would be settled and he was not to worry and said claim agent specifically requested that plaintiff should not file any suit. Plaintiff relied on said claim agent's statements and representations that if no suit were filed, the claim would be settled". Answering this complaint, the defendant denied the quoted allegations and included a defense of the statute of limitations. It also moved for summary judgment on that issue, filing in support of this motion a lengthy deposition of the plaintiff himself.

 In its opinion granting summary judgment, the district court expressed

---

1. In relevant part, section 6 of the Federal Employers' Liability Act, 45 U.S.C. § 56, provides that "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." The principles which control its application are principles of federal law. Scarborough v. Atlantic Coast Line Ry., 4th Cir., 1951, 190 F.2d 935.

the view that the quoted averment and the answer, considered alone, created "an issue * * * sufficient to take the case to the jury" on the question whether the action was barred by the statute of limitations. In so saying the court recognized the equitable principle that a defendant whose representations or other conduct have caused a plaintiff to delay filing a suit until after the running of the statutory period may be estopped from asserting the statute of limitations as a bar to the action. Glus v. Brooklyn Eastern District Terminal, 1959, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (FELA case); Scarborough v. Atlantic Coast Line Ry., 4th Cir. 1949, 178 F.2d 253, 15 A.L.R.2d 491 (FELA case); Bergeron v. Mansour, 1st Cir. 1945, 152 F.2d 27; Howard v. West Jersey & S. S. Ry., 1928, 102 N.J.Eq. 517, 141 A. 755, aff'd. 104 N.J.Eq. 201, 144 A. 919.

However, the court thought that admissions by the plaintiff in a deposition taken by the defendant and filed in support of the motion for summary judgment conclusively refuted the plaintiff's contention that his failure to sue within the statutory period was caused by his reliance upon conduct of the defendant. We have examined the deposition. In it, the plaintiff undertook to show how the defendant had prevented him from suing. He identified R. G. Silvis [sic] as the claim agent for the defendant who had repeatedly urged him not to sue the railroad and had assured him that the company would make a settlement that would be better than what he could obtain by suing. He added that Silvis had also told him that he would lose his job if he should file a suit against the company. It also appears that the plaintiff has a ninth grade education and no special training, and that he has a dependent wife and four minor children. In these respects the deposition supports and amplifies the allegations of the complaint.

On the other hand, the deposition also admits that, after about a year of fruitless waiting for Sylves to make a settlement offer, the plaintiff consulted a lawyer for advice and assistance with reference to the obtaining of a settlement. The deposition affirmatively states that the plaintiff did not talk to counsel about litigation and made clear that his efforts were to be directed solely at obtaining a settlement. He further asserts that in frequent talks over a two-year period counsel assured him that a settlement would be obtained, but none was forthcoming.

Finally, more than three years having elapsed since the accident, the plaintiff consulted present counsel and learned for the first time that his claim would now be impeded by a possible defense of the statute of limitations. Thereafter, this action was filed.

■ The court below seems to have reasoned that after the plaintiff retained his first attorney he must be taken to have relied on the advice of his own counsel rather than upon any past recommendations, assurances or threats by the railroad claim agent. This may well be an arguable factual inference, but on the present record it is not a logical inescapable conclusion. At this stage of the proceeding we must accept the plaintiff's allegations of threats and inducements, and original reliance upon them, as true. We also must accept as true the plaintiff's assertion that, thus influenced, he informed his lawyer that he was not willing to sue and wanted nothing done but the advancement of settlement negotiations.[2] We also must accept the plaintiff's assertion that he knew nothing and was told nothing about the running of the statute of limitations until he retained his present counsel. In these circumstances, a fact finder could conclude that representations made by the defendant and intended to prevent the plaintiff from suing continued to have that intended result even after the plaintiff had

2. These circumstances distinguish this case from Aetna Life Ins. Co. v. Moyer, 3d Cir. 1940, 113 F.2d 974, where we found it a necessary conclusion that in failing to sue the client relied upon the judgment of counsel.

retained counsel and until the statute had run.

This record contains no statement by the plaintiff's former counsel and nothing evidentiary from the claim agent or from the plaintiff's wife, who allegedly heard the claim agent's representations. Thus, we have no indication how the case will appear after full hearing. However, in our judgment the present record does not disclose admitted or otherwise established facts which conclusively refute the plaintiff's assertion of the reason for his failure to sue within the statutory period. It follows that the granting of summary judgment was error.

The judgment will be reversed and the cause remanded for further proceedings consistent with this opinion.