Michael J. BURKE, Appellant,

v.

GATEWAY CLIPPER, INC.

No. 18831.

United States Court of Appeals, Third Circuit.

Argued Oct. 21, 1970.

Decided May 4, 1971.

Before MURRAH * FREEDMAN **, and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal is from a February 18, 1970, order of the District Court of the Western District of Pennsylvania which granted defendant's motion for summary judgment and dismissed plaintiff's complaint as barred by the statute of limitations and laches.

The plaintiff, Mr. Burke, filed a complaint under the Jones Act[1] on December 31, 1968, alleging that he was employed by defendant as a seaman on June 18, 1958, on its motor vessel Gateway Clipper. He further alleged that while the vessel was at the landing of the Dravo Corporation at Neville Island, Allegheny County, Pennsylvania, on the Ohio River, he sustained personal injuries to his spine, back, neck, head, arms, legs, central nervous system (also suffering a traumatic neurosis), when he was caused to exert extraordinary force to remove a row of seats which had become stuck on the deck and had thereby lost his balance, slipped and fell backwards against the bulkhead.

Plaintiff asserts that defendant is liable because of its negligence under the Jones Act and for unseaworthiness under the maritime law.

Since plaintiff's complaint was filed more than ten years after the alleged injuries were sustained, he also asserts in his complaint that he was not guilty of laches and that the:

> "State [sic] of Limitations is tolled for failure to bring this action within three years of the accident * * * [because of] the conduct and representations of the defendant and its insurance carrier * * *."

The plaintiff's complaint contains a second count in which he claims mainte-

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

William A. Weiler, Pittsburgh, Pa., (Egler, McGregor & Reinstadtler, Pittsburgh, Pa., on the brief), for appellee.

* Senior Circuit Judge of the Court of Appeals for the Tenth Circuit, sitting by designation.

** Judge Freedman participated in the hearing and consideration of this appeal but died before decision.

1. 46 U.S.C. § 688.

nance and cure from the defendant and damages for failure to furnish them after the injury was sustained.

Mr. Burke requested a jury trial in his complaint and so did the defendant in its answer.

The defendant took a deposition from Mr. Burke with the presence and full participation of Burke's counsel, at which he gave his reason for waiting so many years to bring this suit as:

> "Well, basically, sir, at the time this happened I was twenty-two years old, not too smart apparently, and I thought a very, very, good friend of both John Connelly's [president of the defendant] and Jack Goessling's [master of the Gateway Clipper], that they were close personal friends and they told me that I had nothing else coming to me other than my doctor and hospital bills and to apply for unemployment, and I took it as such—I didn't know any better."

The deposition more fully elaborates the circumstances and content of the conversations between Mr. Burke and Connelly and Goessling.

The defendant then filed a motion for summary judgment, incorporating the transcript of Burke's deposition, on the ground that the plaintiff was guilty of laches and that, on the basis of the plaintiff's own testimony the issue was of such a nature that it was proper for the court to decide the matter.

The trial judge directed the parties to file briefs, after which, without hearing any argument by counsel or filing an opinion, the court issued the order which is the subject of this appeal. Because of this procedure, which has apparently been regularly followed by the district judge but which was disapproved by this court in April 1970 by our decision, which was not available to such judge at the time of the February 1970 order, in Season-All Indus., Inc. v. Turkiye Sise Ve Cam Fabrik., A. S., 425 F.2d 34, 39 (3d Cir. 1970), we have concluded, reluctantly, that it will be necessary to remand this case for further consideration by the district court of the claims other than the Jones Act claim. See Part II of this opinion below.

## I.

■ An action based on an allegation of negligence under the Jones Act must be brought within the three-year statute of limitations found in the Federal Employers' Liability Act,[2] Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813 (1926).

■ The plaintiff, however, claims that the defendant is estopped from asserting the statute of limitations. The equitable principle which will allow "no man * * * [to] take advantage of his own wrong,"[3] will prevent a defendant, whose representations or other conduct have caused a plaintiff to delay filing suit until after the running of the statutory period, to assert the statute of limitations as a bar to the action.[4]

■ The nature of the representations and of the conduct of the defendant are of crucial significance in determining if the plaintiff is to be allowed to invoke this equitable principle of estoppel. This is a question of law to be determined by the court. In a motion for summary judgment the burden is on the plaintiff to present facts, in accordance with F.R.Civ.P. 56(c) and (e), which if true would require a court

2. 45 U.S.C. § 56, which is incorporated by reference in 46 U.S.C. § 688, provides: "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued: * * *"

3. Glus v. Brooklyn Eastern Dist. Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959).

4. Glus v. Brooklyn Eastern Dist. Terminal, *supra*; Longo v. Pittsburgh and Lake Erie Railroad Co., 355 F.2d 443 (3d Cir. 1966); Scarborough v. Atlantic Coast Line Ry., 178 F.2d 253 (4th Cir. 1949) (all FELA cases).

as a matter of law to estop the defendant from asserting the statute of limitations. Longo v. Pittsburgh and Lake Erie Railroad Co., supra.

■ Taking as true all the statements in plaintiff's complaint and deposition, plaintiff did not demonstrate that defendant's representations or conduct were such as to require a court as a matter of law to estop defendant from asserting the statute of limitations.

The plaintiff's deposition does not show that plaintiff was misled by defendant or its agents so that he delayed suit[5] because of (a) an affirmative statement that the statutory period to bring the action was longer than it actually was,[6] or (b) promises to make a better settlement of the claim if plaintiff did not bring suit[7] or (c) comparable representations and conduct.

Furthermore, the record does not warrant the invocation of the equitable principle of estoppel. Therefore, as to the Jones Act portion of the first count, we affirm the district court's dismissal of the action and grant of summary judgment for defendant.

## II.

As to the portion of the first count founded on maritime law and as to the second count asserting a claim based on maintenance and cure where no statutory period of limitations is applicable, the issue to be considered is unexcused laches.

■ Laches is an equitable defense and as such " \* \* \* the delay which will defeat such a suit must in every case depend on the peculiar equitable circumstances of that case." The Key City, 14 Wall. (81 U.S.) 653, 660, 20 L. Ed. 896 (1871).

The Supreme Court has said:

"Though the existence of laches is a question primarily addressed to the discretion of the trial court, the matter should not be determined merely by a reference to and a mechanical application of the statute of limitations. The equities of the parties must be considered as well. Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief." Gardner v. Panama Railroad, 342 U.S. 29, 30–31, 72 S.Ct. 12, 13, 96 L.Ed. 131 (1951).

■ There are thus at least two elements which must be considered by the district court before a determination of laches can be made other than a mere lapse of time: inexcusable delay in light of the equities of the case and prejudice to the defendant.[8]

■ This Circuit requires the plaintiff to come forward and prove that his delay was excusable and that it did not unduly prejudice the defendant. Mroz v. Dravo Corp;[9] Lipfird v. Mississippi Valley Barge Line.[10]

5. We do not believe this language, brought out in the following questions and answers in plaintiff's depositions, is sufficient to establish the estoppel claimed by plaintiff:

"Q. Did any one ever tell you not to file suit against the Gateway Clipper or ask you not to file suit against the Gateway Clipper?

"A. I was told that I had nothing coming to me other than my hospital and doctor bills being paid and that I was not entitled to compensation of any kind.

"Q. Who was this, Mr. Goessling?

"A. Captain Jack Goessling, that's right.

"Q. Did he ever tell you that you could not file suit or ask you not to file suit?

"A. No. He said I had nothing coming to me."

6. Glus v Brooklyn Eastern Dist. Terminal, *supra.*

7. Longo v. Pittsburgh and Lake Erie Rd., *supra*; Scarborough v. Atlantic Coast Line Ry., *supra.*

8. Loverich v. Warner Co., 118 F.2d 690 (3d Cir. 1941), cert. denied, 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535.

9. 429 F.2d 1156 (3d Cir. 1970).

10. 310 F.2d 639 (3d Cir. 1962); *cf.* also Kane v. U. S. S. R., 189 F.2d 303 (3d Cir. 1951).

We are aware that other circuits place the burden of proving inexcusable delay and prejudice on the defendant.[11] We see no new and compelling reason to reverse the well-established and thoroughly considered line of decisions of this Circuit requiring the plaintiff to disprove both inexcusable delay and lack of prejudice to the defendant when, as here, more than three years have passed since the cause of action accrued.[12]

 Although the plaintiff alleged in paragraph 8 of the complaint, inter alia,

"Defendant at all times had notice and knowledge of the claim, made a detailed investigation thereof, and is not prejudiced in any way by the failure of the plaintiff to file his claim promptly."

defendant's answer (Sixth Defense) states:

"Defendant specifically denies the allegation that it had 'at all times' notice and knowledge of 'the claim, made a detailed investigation thereof, and is not prejudiced.' Defendant avers, on the contrary, that it has been severely prejudiced by the untimely presentation and filing of plaintiff's claim."

Under these circumstances, plaintiff might have been able to substantiate such parts of the complaint as the allegations of the above-quoted portion of paragraph 8 if he had been given an opportunity to do so. The court's order of February 5, 1970, only gave plaintiff five days within which to file a brief and did not grant any opportunity for a hearing or for plaintiff to file affidavits or the other documents contemplated, and within the time prescribed, by F.R. Civ.P. 56(c). See *Turkiye* case, *supra*, 425 F.2d at page 39.

For the foregoing reason, we will vacate that portion of the February 18, 1970, district court order which dismisses all claims in the complaint except the claim based on the Jones Act, and remand this case for further proceedings consistent with this opinion. The part of such order dismissing the claim based on the Jones Act will be affirmed. Each party shall bear his own costs.

---

11. *E. g.*, Larios v. Victory Carriers, 316 F.2d 63 (2d Cir. 1963).

12. Mroz v. Dravo, *supra*.