In re EAGSON CORPORATION, Debtor.

Bankruptcy No. 79–02128G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Jan. 18, 1980.

Michael H. Cox, Philadelphia, Pa., for debtor in Chapter 11.

Stassen, Kostos & Mason, Thomas G. Meeker, Philadelphia, Pa., for bankrupt.

Duane, Morris & Heckscher, Marjorie O. Rendell, Philadelphia, Pa., for Creditors' Committee.

Wexler, Weisman, Maurer & Forman, P. C., Horace A. Stern, Philadelphia, Pa., for trustee, Myron Harris.

Dechert, Price & Rhoads, Neal D. Colton, Philadelphia, Pa., for Westinghouse Electric Co.

Blank, Rome, Comisky & McCauley, Alan C. Gershenson, Philadelphia, Pa., for Continental Assurance Co.

Saul, Ewing, Remick & Saul, Dennis J. Faucher, Philadelphia, Pa., for First Pennsylvania Bank.

Wolf, Block, Schorr & Solis-Cohen, Michael L. Temin, Philadelphia, Pa., for Strouse-Greenberg & Co.

Stradley, Ronon, Stevens & Young, Andre L. Dennis, Philadelphia, Pa., for Republic Realty Mortgage Co.

Myron Harris, Philadelphia, Pa., pro se.

James W. Adelman, Philadelphia, Pa., Secretary to the Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

In this case we are presented with the question of whether, while a case begun under Chapter XI of the Bankruptcy Act is pending before the court, another petition—under Chapter 11 of the Bankruptcy Code—may be filed. We conclude that the second petition must be dismissed because of laches and because of Section 403(a) of the Bankruptcy Reform Act of 1978.[1]

On October 19, 1976, Arthur Gallagher, the president of the Eagson Corporation ("the corporation"), filed a petition under Chapter XI of the Bankruptcy Act on behalf of the corporation. All proceedings against the corporation were automatically stayed upon the filing of said petition.[2]

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Pursuant to Rule 11–44 of the Rules of Bankruptcy Procedure which states:
   "(a) *Stay of Actions and Lien Enforcement.* A petition filed under Rule 11–6 or 11–7 [under Chapter XI] shall operate as a stay of the commencement or the continuation of any court or other proceeding against the

debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate."
Rule 11–44 of the Rules of Bankruptcy Procedure.

The proceedings under Chapter XI in this case lasted for more than three years during which time a plan was proposed by the debtor, the requisite acceptances of creditors were filed, and bona fide efforts were made by the debtor to liquidate part of its assets to fund the plan.

When these efforts failed, Arthur Gallagher, as the debtor's president, advised the court on November 16, 1979, that the corporation would be unable to fund its proposed plan, and, therefore, we entered an order adjudicating the corporation a bankrupt. At that time we also entered an order granting a modification of the stay and authorizing the mortgagees of the property known as the Argal Building to proceed with foreclosure.[3] On that same day we also denied a petition by Aurea Gallagher, the wife of Arthur Gallagher, for leave to intervene as a party debtor and for a stay of the adjudication of the corporation as a bankrupt.

Shortly after we concluded the hearing on November 16, 1979, Aurea Gallagher, acting pursuant to a resolution of the corporation's board of directors authorizing her to "take whatever legal action she deems necessary to protect any interests she may have", filed a petition on behalf of the corporation under Chapter 11 of the new Bankruptcy Code.[4] Aurea Gallagher claimed that she was the "equitable owner" of 50% of the stock of the corporation, that she had not been consulted during the prior proceedings, and that she should be given a chance to offer a plan for the corporation.[5] Continental Assurance Company, Republic Realty Mortgage Corporation, and First Pennsylvania Bank, N.A., secured creditors of the corporation, have moved to dismiss this petition.

An evidentiary hearing was held on December 14, 1979, for the purpose of taking evidence on the issue of whether the Chapter 11 petition should be dismissed. After examining the evidence, we conclude that that petition should be dismissed because of laches and because of Section 403(a) of the Bankruptcy Reform Act of 1978.

Laches is an equitable concept based on the theory that a plaintiff who has slept on his rights for an unreasonably long time should not be permitted to bring suit where the delay has prejudiced the defendant.[6] The Court of Appeals for the Third Circuit has stated the test for finding laches. "There are thus at least two elements which must be considered by the district court before a determination of laches can be made other than a mere lapse of time: inexcusable delay in light of the equities of the case and prejudice to the defendant."[7]

■ Because there is no statute of limitations for the filing of a petition under Chapter 11 of the Code, there is no mandate that a petition under that Chapter be filed within a certain time. Consequently, in most cases, a motion for dismissal of a Chapter 11 petition based on the theory of laches would not be granted because there would not be the necessary finding of inexcusable delay. However, on the peculiar facts of this case, we find that there has been an inexcusable delay by Aurea Gallagher. The evidence presented in this case shows that Aurea Gallagher was at all times aware of what was happening in the

---

3. Those mortgagees are: Continental Assurance Company, Republic Realty Mortgage Corporation and Westinghouse Electric Corporation.

4. 11 U.S.C. §§ 1101–74 (1979). The new Code became effective on October 1, 1979, supplanting the old Bankruptcy Act.

  The resolution of the board of directors of the Eagson Corporation authorizing Aurea Gallagher to take such action is attached as Exhibit B to the petition under Chapter 11 of Eagson Corporation, filed November 16, 1979.

5. Letter from Michael Cox, attorney for Mrs. Gallagher, to Judge Emil F. Goldhaber dated December 3, 1979.

6. *See, e. g., Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961); *Gruca v. United States Steel Corp.*, 495 F.2d 1252 (3d Cir. 1974); *Burke v. Gateway Clipper, Inc.*, 441 F.2d 946 (3d Cir. 1971); *Sobosle v. United States Steel Corp.*, 359 F.2d 7 (3d Cir. 1966).

7. *Burke v. Gateway Clipper, Inc.*, 441 F.2d 946, 949 (3d Cir. 1971).

corporation's Chapter XI proceedings,[8] that Aurea Gallagher was present at most of the hearings held in the Chapter XI proceedings,[9] that Aurea Gallagher was at all relevant times represented by her own counsel with whom she consulted frequently during the proceedings,[10] and that Aurea Gallagher participated in the Chapter XI proceedings at least to the extent of filing a proof of claim and an acceptance of the plan in those proceedings.[11] There was no evidence presented, nor even a claim made, that Arthur Gallagher was not authorized to file the Chapter XI petition for the corporation or that the corporation was not adequately represented throughout the Chapter XI proceedings.[12] Aurea Gallagher merely asks that she, as the equitable owner of 50% of the stock of the corporation,[13] now be permitted to file a petition under Chapter 11 for that corporation. We believe that permission should be denied because of Aurea Gallagher's inexcusable delay. Aurea Gallagher was aware of and present at the hearings held in the corporation's Chapter XI proceedings and, if she opposed the plan proposed by the corporation (which, incidentally, she accepted), she should have voiced that objection at that time, either to the corporation, or to the court. She did neither. Therefore, we conclude that it is inexcusable delay for Aurea Gallagher to wait three years, until the day the corporation was adjudicated a bankrupt, before alleging that she now can propose a successful plan on behalf of the corporation (assuming, arguendo, that the corporation's vague delegation of authority is legal).

Despite Aurea Gallagher's inexcusable delay, we would be unable to dismiss her petition because of laches if none of the parties seeking to dismiss that petition were prejudiced by that delay.[14] However, in the instant case it is abundantly clear that the parties seeking dismissal of the petition would be severely prejudiced were we to allow Aurea Gallagher's petition to stand. The mortgagees of the Argal Building have been stayed from foreclosing on that property for over three years, and if Aurea Gallagher is allowed to proceed for the corporation under Chapter 11, they will be stayed for a further unspecified period.

■ A further reason for dismissing the petition under Chapter 11 which was filed for the corporation by Aurea Gallagher is based on Section 403(a) of the Bankruptcy Reform Act of 1978. That section was designed to handle problems which arose in the transitory period during which cases are still pending under the old Bankruptcy Act when the new Bankruptcy Code goes into effect. That section states:

> Sec. 403(a) A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law appli-

8. N.T. at 24 and 27–32.

9. Id. at 33, and 39–40.

10. Id. at 27–31, 39–41, and 69.

11. Id. at 40, 42–44, and 48–49.

12. Id. at 41–42.

13. Aurea Gallagher claims to be the equitable owner of 50% of the stock of the corporation because Arthur Gallagher promised to make her a 50% owner in exchange for certain sums of money she advanced to the corporation. See N.T. at 24–26, 43–45, and 62–69. However, the shares of stock were never transferred to her name and Arthur Gallagher remains the sole shareholder of the corporation. Id. Further, Aurea Gallagher's claim of equitable ownership seems to be at odds with the fact that she filed a proof of claim as a creditor of the corporation in the amount of the money she allegedly gave to Arthur Gallagher in exchange for a 50% interest in the corporation. Id. at 40, 42–44, 48–49. However, whether Aurea Gallagher is an equitable owner of 50% of the stock of the corporation is not important to our decision since we find that a petition is barred by laches due to the inexcusable delay in filing and the prejudice to the mortgagees by that delay.

14. See cases cited in note 6, supra.

cable to such case, matter, or proceeding as if the Act had not been enacted.[15]

Since, in the instant case, the proceedings of the corporation in bankruptcy are still pending, we find that Section 403(a) requires that the substantive rights of the corporation and its creditors be governed by the old Bankruptcy Act as though the new Bankruptcy Code had not been enacted. Therefore, we conclude that Aurea Gallagher may not seek to have those rights determined under the new Code and her petition on behalf of the corporation filed under Chapter 11 of the Code must be dismissed.

---

**15.** Section 403(a) of the Bankruptcy Reform Act of 1978.