**Barbara A. MANCUSO et al., Plaintiffs,**

v.

**KIMEX, INC., a Florida Corporation, C. W. T. Farms, Inc., a Georgia Corporation, and the Estate of Henry Goodman, Deceased, Defendants.**

**No. 79–5826.**

United States District Court, S. D. Florida.

Feb. 1, 1980.

---

Robert G. David, Jr., McDonald & McDonald, Miami, Fla., for defendants.

Edwin C. Ratiner, Ratiner & Glinn, P. A., Miami, Fla., for plaintiffs.

## ORDER DENYING MOTION TO DISMISS

ATKINS, District Judge.

THIS CAUSE comes before the Court on motion of Defendants Kimex, Inc., C. W. T. Farms, Inc., and the estate of Henry Goodman, to dismiss Plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted, and for lack of jurisdiction under the Death on the High Seas Act, 46 U.S.C. § 761, et seq. The Court having considered the record in this cause, and being otherwise duly advised, it is ordered and adjudged that said motion be DENIED.

The facts as alleged in the complaint are as follows. This action arose out of the crash of a four-engine Douglas DC6 cargo aircraft into the sea 300 feet short of the runway in Kingston, Jamaica, while attempting to land after a flight from Miami, Florida, to Jamaica carrying a cargo of 30,000 pounds of fertilized "hatching eggs". Plaintiffs' decedent, Ralph Mancuso, was the flight engineer aboard the aircraft. The pilot, Henry Goodman, an officer of Kimex, Inc., was also killed in the crash. Defendant Kimex, Inc. is a Dade County aircraft leasing company, and was the owner of the plane that crashed. The plane had been leased by Kimex to C. W. T. Farms, Inc., a Georgia corporation whose business activities include providing fertilized hatching eggs to chicken farmers in Jamaica, West Indies. Plaintiffs, the widow and children of Ralph Mancuso, bring this wrongful death action for damages under the Death on the High Seas Act (DOHSA), 46 U.S.C. § 761 et seq.

The admiralty jurisdiction of this Court is properly invoked where the plane crash that is the subject of this action occurred in navigable waters during the course of an international flight over the high seas. Such a crash has not only maritime situs, but the requisite maritime status as well, where the plane was being used in lieu of a vessel to carry cargo from the United States to Jamaica. *Executive Jet Aviation, Inc. v. City of Cleveland, Ohio,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972); *Higginbotham v. Mobil Oil Corp.,* 545 F.2d 422, 424 n. 1 (5th Cir. 1977), *rev'd on other grounds,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978); *Ledoux v. Petroleum Helicopters, Inc.,* 609 F.2d 824 (5th Cir. 1980).

In this case the plane crashed into the sea only 300 feet short of the Kingston runway, well within Jamaican territorial waters. The defendants' motion to dismiss raises the question of whether this comes within the definition of "high seas" for purposes of

jurisdiction under DOHSA.* None of the cases cited by either plaintiffs or defendants directly addresses this issue. While authority is scant, it is however, not totally lacking.

In *Roberts v. United States,* 498 F.2d 520, 524 (9th Cir. 1974) Judge Trask specifically declined to decide the question presented here, "[i]n view of the somewhat ambiguous language of the statute itself and the apparent lack of authority on the point." In a footnote to the same sentence, however, he noted that

> [b]ecause Congress only has power to fix the extent of territorial waters measured from the shores of its own country it may well have considered all waters beyond one marine league from those shores to be "high seas" for purposes of DOHSA so long as navigable, even though within the territorial waters of a foreign state.

This view has been taken by at least one other district court in ruling on the question reserved in *Roberts.* In *Cormier v. Williams/Sedco/Horn Constructors,* 460 F.Supp. 1010, 1011 (E.D.La.1978), an action under DOHSA for the wrongful death of a seaman who drowned in a navigable river in Peru, Judge Cassibry upheld the court's jurisdiction by holding that Congress in enacting DOHSA contemplated that the act would cover all deaths in navigable waters *"outside of the reach of state law"* (emphasis in original), even if within another country's territorial waters. I agree, and find that this Court has proper jurisdiction under DOHSA.

The next consideration is whether plaintiffs have adequately stated a claim under the act. Plaintiffs do not specifically allege that the crash occurred in navigable waters, a necessary component of the definition of "high seas" under the act. The complaint does allege, however, that the plane crashed into the sea, and the ocean is presumably navigable even as close to shore as 300 feet short of the runway at Norman Manley Airport in Kingston, Jamaica, according to judicial definitions of the term "navigable waters." *Leslie Salt Co. v. Froehlke,* 578 F.2d 742, 749 (9th Cir. 1978). The plaintiffs' complaint does state a valid cause of action under DOHSA, and for this and the above reasons defendants' motion to dismiss must be DENIED.

Defendants have ten (10) days from the date of this Order in which to file their answer to the complaint, in accord with Fed.R.Civ.P. 12(a).

---

\* The text of 46 U.S.C. § 761, the pertinent section of DOHSA for jurisdictional purposes, reads as follows:

Whenever the death of a person shall be caused by wrongful act, neglect, or default *occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States,* the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued. (Emphasis added.)