626 F.2d 1228
 Heli Ramon SANCHEZ, and Aida De Sanchez, Individually and as
representative and Administratrix of the children
and estate of Heli Ramon Sanchez,
Plaintiffs- Appellants,
v.
LOFFLAND BROTHERS COMPANY et al., Defendants-Appellees.
 No. 80-1025
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Unit A
 Oct. 1, 1980.
 Benton Musslewhite, Houston, Tex., for plaintiffs-appellants.
 Royston, Rayzor, Vickery & Williams, Ted C. Litton, Eastman, Watson, Dale & Forney, John P. Forney, Jr., Houston, Tex., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Texas.
 Before GEE, RUBIN and RANDALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The widow of a deceased seaman contends that: (1) an action for the wrongful death of a Jones Act seaman can be maintained under the general maritime law after the expiration of the statute of limitations provided in the Jones Act[1] and the Death on the High Seas Act[2] and (2) the district court erred in awarding summary judgment against her because a genuine issue exists as to whether the employer was equitably estopped to raise the applicable statute of limitations. We conclude that this action is time-barred and that no genuine factual issue precluded summary adjudication of the estoppel issue.
 
 
 2
 Plaintiff filed an action under the Jones Act, 46 U.S.C. § 688, and under general maritime law for the wrongful death of her husband, Heli Ramon Sanchez, on February 3, 1974, in the course of his employment. The decedent was a seaman employed by Loffland Brothers on a vessel in operation on Lake Maracaibo, Venezuela. This suit was filed more than three years later, on July 27, 1977, by decedent's widow as representative of his estate and as next friend to his minor children.
 
 
 3
 The Supreme Court first recognized a cause of action for wrongful death based on general maritime law in Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). In instances where the Death on the High Seas Act (DOHSA)[3] is applicable,[4] the elements of the general maritime claim are also derived from it. Mobil Oil Corporation v. Higginbotham, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978).
 
 
 4
 Higginbotham arose out of deaths resulting from a helicopter crash outside of United States territorial waters. The Supreme Court denied recovery for injuries resulting in nonpecuniary losses under the general maritime law, Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), because DOHSA specifically limits recoverable damages to those pecuniary in nature.
 
 
 5
 Following the admonitions in both Moragne and Higginbotham to refer to existing statutes in completing the structure of the general maritime law claim, the Second Circuit in Public Administrator of the County of New York v. Angela Compania Naviera, 592 F.2d 58 (2d Cir. 1979), held that only laches barred a Moragne -type general maritime law death claim arising from death outside territorial waters, but treated the two year DOHSA statute as analogous.[5]
 
 
 6
 However, the mandate of Moragne-Higginbotham appears to us to be more specific. In our opinion, the Higginbotham rationale compels the application of the DOHSA statute of limitations in undiluted force to a wrongful death claim under general maritime law which arises outside of the United States territorial waters.[6] We note, however, that even in the event that only laches applied, the expiration of the DOHSA-analogous period would require the plaintiff to show the absence of prejudice to the defendant and the reasonableness of the delay. Barrios v. Nelda Faye, Inc., 597 F.2d 881 (5th Cir. 1979); Watz v. Zapata Off-Shore Co., 431 F.2d 100 (5th Cir. 1970); Akers v. State Marine Lines, Inc., 344 F.2d 217 (5th Cir. 1965). Neither has been demonstrated. Therefore, we conclude that the claims were not timely presented.
 
 
 7
 The plaintiff's Jones Act claim is also time-barred under the statute of limitations provided in that statute.[7]
 
 
 8
 We turn, then, to the contention that Loffland Brothers is estopped to raise the limitations period as a defense. The equitable principle of estoppel prevents a defendant whose representations or other conduct have caused a plaintiff to delay filing suit until after the running of the statutory period from asserting that bar to the action. Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). Equitable estoppel is applicable to a claim under the Jones Act. Burke v. Gateway Clipper, Inc., 441 F.2d 946, 949 (3d Cir. 1971); Holifield v. Cities Service Tanker Corp., 421 F.Supp. 131 (E.D.La.1976); George v. Hillman Transportation Co., 340 F.Supp. 296 (W.D.Pa.1972). The nature of the representations and of the conduct of the defendant are of crucial significance in determining whether the plaintiff is to be allowed to invoke this equitable principle. Burke v. Gateway Clipper, Inc., 441 F.2d 946 (3d Cir. 1971).
 
 
 9
 The estoppel principle has been successfully invoked where the defendant made active misrepresentations to the plaintiff regarding the plaintiff's legal rights,[8] as well as in cases where the defendant promised to pay the claim or to settle if the plaintiff did not file suit.[9] However, in order to create an estoppel, the conduct of the defendant must be so misleading as to cause the plaintiff's failure to file suit.[10]
 
 
 10
 Here, there was no evidence of such misrepresentations. Mrs. Sanchez's deposition indicates that Loffland Brothers made no affirmative misstatements regarding her legal rights and they did not promise any benefit to her if she refrained from filing suit.[11]
 
 
 11
 "When a movant (for summary judgment) makes out a convincing showing that genuine issues of fact are lacking, it becomes incumbent on the adversary to adequately establish by receivable facts that a real, not formal, controversy exists." Ernest, Inc. v. General Motors Corp., 482 F.2d 1047 at 1049 (5th Cir. 1973).[12]
 
 
 12
 Summary judgment is properly rendered for the defendant on the basis of the expiration of the statute of limitations unless the plaintiff presents facts in accordance with F.R.Civ.Proc. 56(e) which create a genuine factual issue as to defendant's conduct that would equitably estop him from asserting the statutory bar.[13] No such factual issue has been created.
 
 
 13
 The plaintiff having failed to meet the required burden of proof, the defendant was entitled to summary judgment.
 
 
 14
 For these reasons the judgment is AFFIRMED.
 
 
 
 [1]
 46 U.S.C. § 688
 
 
 [2]
 46 U.S.C. § 763
 
 
 [3]
 46 U.S.C. § 761 et seq
 
 
 [4]
 DOHSA is applicable to the death of a person who is not a Jones Act seaman whenever the wrongful act occurs on the high seas beyond a marine league from the shore of any state, or the District of Columbia, or the territories or dependencies of the United States. 46 U.S.C. § 761. The statute has been applied when the cause of action arises outside of United States territorial waters and within the territorial waters of a foreign country. See Public Administrator of the County of New York v. Angela Compania Mariera, 592 F.2d 58 (2d Cir. 1979); Mancuso v. Kimes, Inc., 484 F.Supp. 453 (S.D.Fla.1980); Cormier v. Williams/Sedco/Horn Constructors, 460 F.Supp. 1010 (E.D.La.1978). But see Roberts v. United States, 498 F.2d 520 (9th Cir. 1974)
 
 
 [5]
 (G)iven the clarity of the Supreme Court's instruction to apply the two-year statute of limitations of the Death on the High Seas Act to wrongful death actions under the general maritime law, and given the Court's repeated expression of concern for uniformity in the administration of this judge-made cause of action, the plaintiff in this case has the burden of showing what this court has called 'strong justification for delay,' " Public Administrator of the County of New York v. Angela Compania Naviera, 592 F.2d 58, 64 (2d Cir. 1979)
 
 
 [6]
 The Supreme Court stated in Higginbotham that DOHSA "announces Congress' considered judgment on such issues as the beneficiaries, the limitations period, contributory negligence, survival, and damages." (emphasis added) 436 U.S. at 625, 98 S.Ct. at 2015, 56 L.Ed.2d at 587
 
 
 [7]
 46 U.S.C. § 688 incorporating by reference Federal Employers' Liability Act, 45 U.S.C. § 56: "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."
 The running of this statutory limitations period is not tolled, as urged by plaintiff on appeal, by the infancy of the minor children for whom the plaintiff sues as next friend. See Sgambati v. United States, 172 F.2d 297 (2d Cir. 1949), cert. denied, 337 U.S. 938, 69 S.Ct. 1514, 93 L.Ed.2d 1743 (1949) (minority does not toll the statute of limitations under Suits in Admiralty Act and Public Vessels Act); Osbourne v. United States, 164 F.2d 767 (2d Cir. 1947) (dicta), (Infancy does not toll the statute of limitations under Jones Act). Accord, Scarborough v. Atlantic Coastline Ry. Co., 178 F.2d 253 (4th Cir. 1949).
 
 
 [8]
 Glus v. Brooklyn Eastern District Terminal, 359 U.S. 232, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959); Scarborough v. Atlantic Coastline Ry. Co., 178 F.2d 253 (4th Cir. 1949)
 
 
 [9]
 United States v. Reliance Ins. Co., 436 F.2d 1366 (10th Cir. 1971); United States v. Fidelity and Cas. Co. of N. Y., 402 F.2d 893 (4th Cir. 1968); Longo v. Pittsburgh and Lake Erie Railroad Co., 355 F.2d 443 (3d Cir. 1966); United States v. Continental Cas. Co., 357 F.Supp. 795 (E.D.La.1973)
 
 
 [10]
 Burke v. Gateway Clipper, Inc., 441 F.2d 946 (3d Cir. 1971)
 
 
 [11]
 According to the affidavit of the plaintiff's brother, Loffland Brothers' representative told the plaintiff that her son would be employed by Loffland Brothers as long as the plaintiff did not "go against" the company in any action. However, in her deposition the plaintiff does not indicate that such a condition was attached to her son's employment by the defendant. She states that no mention was made to her of her rights under American law. The recollection of the brother of the plaintiff does not sufficiently support the inference that the plaintiff was misled causing her not to file suit
 
 
 [12]
 See Adickes v. S. H. Kress & Co., 398 U.S. 144, 159-161, 90 S.Ct. 1598, 1609-1610, 26 L.Ed.2d 142 (1970); Gossett v. Du-Ra-Kel Corp., 569 F.2d 869, 872 (5th Cir. 1978); Sweet v. Childs, 507 F.2d 675, 679 (5th Cir. 1975)
 
 
 [13]
 6 Pt. 2 Moore's Federal Practice P 56.17(21), at 56-854 (2d ed. 1948). See Longo v. Pittsburgh and Lake Erie Railroad Co., 355 F.2d 443 (3d Cir. 1966); Begnaud v. White, 170 F.2d 323 (6th Cir. 1948). But cf. Bomba v. Belvidere, Inc., 579 F.2d 1067 (7th Cir. 1978); Burke v. Gateway Clipper, Inc., 441 F.2d 946 (3d Cir. 1971) (plaintiff's burden is to present facts which, as a matter of law, would estop defendant from asserting statute of limitations)