IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20759
Summary Calendar
_____


ROWAN COMPANIES, INC.,

                              Plaintiff-Counter
                              Defendant-Appellee,

                    versus

BERWIN B. MCCURDY, JR.,

                              Defendant-Counter
                              Claimant-Appellant.

_____

Appeal from the United States District Court for
the Southern District of Texas
(H-96-CV-2671)
_____

March 24, 1998
Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

The district court ruled by summary judgment that appellant

Berwin McCurdy, Jr.'s personal injury claim under the Jones Act[1]

and his claim for maintenance and cure were barred by

limitations.  McCurdy argues that he raised a triable issue of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  46 U.S.C. § 688.

fact on whether his employer, appellee Rowan Companies, Inc., should be equitably estopped from asserting limitations.  We affirm.

Under summary judgment practice "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[2]  If the record as a whole could not lead a rational jury to find for the nonmoving party, there is no genuine issue for trial and summary judgment is warranted.[3]

According to his affidavit, McCurdy was injured on or about July 18, 1993, while working on a Rowan jack-up rig in Alaskan waters.  In 1996, after suffering continued back problems, McCurdy underwent back surgery.  A Rowan insurance carrier denied coverage for the surgery on grounds that medical reports indicated the surgery was related to the 1993 injury.  Though not evident from the record, the carrier may have believed that the injury was not covered under its policy because McCurdy was a seaman, the injury fell under the Jones Act, or some similar reason.

---

[2]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

[3]  *Capital Concepts Properties 85-1 v. Mutual First, Inc.*, 35 F.3d 170, 174 (5th Cir. 1994).

Rowan filed suit for declaratory judgment on August 19, 1996, seeking a ruling that any claim McCurdy might have arising out of his July 1993 injury was time-barred.  McCurdy followed with a counterclaim seeking affirmative relief.  The Jones Act is subject to a three-year statute of limitations.[4]  The Jones Act claim is therefore barred by limitations unless the limitations period was tolled.

McCurdy argues that limitations should be tolled under the doctrine of equitable estoppel.  "Equitable estoppel requires (1) a material misrepresentation or concealment (2) made with actual or constructive knowledge of the true facts (3) with the intent that the misrepresentation or concealment be acted upon (4) by a third party without knowledge or means of knowledge of the true facts (5) who detrimentally relies or acts on the misrepresentation or concealment."[5]  In the context of a limitations defense we have recognized that equitable estoppel applies where the defendant's "conduct induced or tricked a plaintiff into allowing a filing deadline to pass."[6]  "However, in order to create an estoppel, the conduct of the defendant must

---

[4]  46 U.S.C. § 688, incorporating by reference 45 U.S.C. § 56.

[5]  *Matter of Christopher*, 28 F.3d 512, 520 (5th Cir. 1994)

[6]  *McAllister v. FDIC*, 87 F.3d 762, 767 (5th Cir. 1996).

3

be so misleading as to cause the plaintiff's failure to file suit."[7]

McCurdy relies on a September 21, 1993 letter from Eleanor White, a Rowan workers' compensation supervisor in Houston, to Derek Necaise at the Anchorage office. The letter states in pertinent part:

> This is to explain the reason for filing the claim for Berwin McCurdy with Lindsey & Morden as a worker's comp incident. At the time of onset of Mr. McCurdy's back pain, we felt it was necessary to determine exactly what was going on and the extent of his problem.
>
> Appointments were scheduled with specialists in Houston for the purpose of having testing done and to receive medical reports that would give us a diagnosis and an evaluation of his condition, as to whether or not he could continue working, or should remain off from work. We agreed to have this paid as a worker's comp expense, and thus was filed with our carrier.

McCurdy's affidavit states that White gave him the letter to deliver to Necaise, and that he kept a copy of the letter. The affidavit also states:

> I know that I would have taken steps to protect my legal interest, if it had not been represented to me that the 1993 incident was a workers compensation claim. Not only did Eleanor White represent this to me by telling me it was a workers compensation injury, and by providing me the letter to Derrick Necaise . . . but . . . it was told to me by Paul Hopkins that this would be treated as a workers compensation injury, as he had been informed by Eleanor White, workers compensation supervisor."

---

[7] *Sanchez v. Loffland Bros. Co.*, 626 F.2d 1228, 1231 (5th Cir. 1980).

4

Hopkins confirmed in an affidavit that White told him McCurdy's injury "was being treated as a 'workers compensation' injury." Hopkins states that "I never informed [McCurdy] as his supervisor that this was falling under the Jones Act."

In her deposition White testified that she would not have asked McCurdy to deliver the letter, and denied giving McCurdy the letter in a taped telephone conversation with him. In his deposition, McCurdy conceded that the letter was not addressed to him, that Rowan had not authorized him to make a copy, and that Rowan did not know of his copy until after the suit was filed. He agreed that he had had no "discussions with anybody employed by Rowan or representing -- representing Rowan about entitlement to benefits from the Texas Workers' Compensation Commission." Consistent with his affidavit, McCurdy maintained that "they told me it was a workmen's comp incident," but conceded that no one at Rowan told him he was not a seaman or that he did not have a claim under the Jones Act. He testified that the Jones Act was not mentioned. In August and September of 1993 he received weekly checks from Lindsey Morden, a claims management company. The checks and attached stubs indicate that they were "maintenance" checks paid on behalf of Rowan.

On this record summary judgment was properly granted on the Jones Act claim. A rational jury could not find that the elements of equitable estoppel were present. First, it could not find that Rowan misrepresented or concealed material facts with

5

knowledge of the true facts. McCurdy does not show that the letter, stating that Rowan initially treated the injury as a workers' compensation claim, was untrue. There is no evidence that Rowan knew that years later one of its insurers would deny a claim by McCurdy for surgery, on grounds that the surgery was related to an injury McCurdy had sustained while working on a Rowan rig.

Second, McCurdy did not show that Rowan intended its alleged misrepresentation or concealment to induce McCurdy to refrain from filing suit under the Jones Act. Rowan never told McCurdy he did not have a Jones Act claim. It did not address the letter to him or authorize him to copy it. The mere fact that an employer views an injury as falling under the workers' compensation laws, or that an employee receives benefits under such laws, does not preclude the employee from filing a Jones Act claim.[8] Rowan sent McCurdy checks designated "maintenance" compensation, a maritime term. On this record, a rational jury could not find that (1) Rowan secretly believed all along that the injury fell under the Jones Act, and (2) told McCurdy the claim was a workers' compensation claim to induce or trick him from timely filing a Jones Act suit.

---

[8] For example, in *Sharp v. Johnson Bros. Corp.*, 973 F.2d 423, 425-26 (5th Cir. 1992), we noted that receipt of voluntary payments under the federal Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*., does not preclude suit under the Jones Act.

6

Third, McCurdy's deposition indicates that he did not rely on the alleged representation from Rowan that his claim was a workers' compensation claim instead of a Jones Act claim. He testified in his deposition:

Q    Okay.  My question to you is:  Had anybody
     told you before July 25, 1996, that, "We're
     paying you these benefits under the Jones Act
     or General Maritime Law --"

A    No, sir.

Q    -- the truth is --

A    Oh.

Q    -- you wouldn't have taken any legal investigation
     under those circumstances so long as you were being
     paid the same benefits you were being paid anyway?

A    Yes, sir.

This testimony is arguably inconsistent with McCurdy's affidavit, in which he states "I know that I would have taken steps to protect my legal interest, if it had not been represented to me that the 1993 incident was a workers compensation claim." However, "[i]t is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony."[9]

McCurdy also argues that in 1996 Rowan denied a request for travel expenses he incurred traveling to Houston for medical treatment in 1993, and that Rowan failed to file a report with

_____

[9]  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996).

7

the Texas Workers' Compensation Commission.  We fail to see how these events toll limitations on McCurdy's Jones Act claim.

The claim for maintenance and cure is also subject to a three-year statute of limitations.[10]  The only difference with the Jones Act is that the limitations period on a maintenance and cure claim runs from the date the plaintiff becomes incapacitated, rather than the date of the injury.[11]  By his own affidavit, McCurdy became incapacitated the day after his injury.  This claim, therefore, is also barred by limitations.

AFFIRMED.

---

[10]  46 U.S.C. § 763a; *Cooper v. Diamond M Co.*, 799 F.2d 176, 179 (5th Cir. 1986).

[11] *Id.*