**Margarita TELLO, M.D., as personal representative of the Estate of Jose Miguel Pietri Tello, her deceased son, for the benefit of the Estate's beneficiaries, Plaintiff,**

v.

**ROYAL CARIBBEAN CRUISES, LTD., Defendant.**

**Case No. 11–24503–CV.**

United States District Court, S.D. Florida.

May 20, 2013.

Ibrahim Reyes–Gandara, Infante Zumpano, Coral Gables, FL, for Plaintiff.

Amanda Lesley Jacobs, Royal Caribbean Cruises Ltd., Darren Wayne Friedman, Elisha Sullivan, Foreman Friedman, PA, Miami, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (D.E. 87)

JOAN A. LENARD, District Judge.

THIS CAUSE is before the Court on Defendant Royal Caribbean Cruises, Ltd.'s Motion for Summary Judgment (D.E. 87, 3/29/13). Plaintiff Margarita Tello filed a Response in Opposition (D.E. 108, 4/19/13), and Defendant filed a Reply in Support (D.E. 118, 4/29/13). Having considered the referenced filings, related pleadings, and record, the Court finds as follows.

### I. Background

In January 2011, Plaintiff Margarita Tello and son Jose Miguel Pietri Tello were passengers aboard a Royal Caribbean cruise ship, "The Liberty of the Seas." Jose had recently turned twenty-one. On the night of January 4, 2011, Jose and some friends went to two nightclubs located on the ship. Bartenders served Jose multiple alcoholic beverages, and Jose allegedly became intoxicated. Jose left the second nightclub around 3:00 a.m. and proceeded to walk around the cruise ship alone. At around 3:30 a.m., he encountered a crewmember who was cleaning the arcade at one of the ship's decks. The crewmember sensed that Jose was drunk but did nothing to assist him. Jose proceeded to an ocean deck and soon found himself locked out of the interior of the ship. He then approached a service ladder and began climbing an outside railing, apparently hoping to reach a lower deck and find access to reenter. He fell overboard and presumably drowned. When he fell, the cruise ship was approaching Belize City, Belize. Margarita soon discovered that Jose was missing. She notified crewmembers at least by 7:00 a.m., but Belize coast guard officers were not alerted to Jose's disappearance until several hours thereafter.

Margarita, as personal representative of Jose's Estate, filed this action against Royal Caribbean pursuant to the Death on the High Seas Act, 46 U.S.C. § 30302. (See Amended Complaint, D.E. 38 ¶ 35.) The Estate alleges that Royal Caribbean was negligent in various respects—e.g., overserving Jose, failing to monitor and assist him, failing to initiate a prompt search-and-rescue, etc.—and that its negligence caused Jose's death. (See id. ¶¶ 44–45.) The Estate further alleges that Royal Caribbean is vicariously liable for the negligence of its cruise staff. (See id. ¶¶ 66–67.)

The record reveals that Jose was in college at the time of his death. (See Tello Dep., D.E. 87–1 at 57.) Margarita claims that Jose wanted to become a doctor, though he had completed only one-and-a-half years of undergraduate education, had not declared a major, and had not done anything in preparation for graduate school. (Id. at 57, 59.) He was also on academic probation and maintaining a 1.649 grade point average. (Defendant's Statement of Undisputed Facts, D.E. 87 ¶ 23.) Jose had never had a job. (Tello Dep., D.E. 87–1 at 40.) He had inherited over one million dollars from his deceased father and used that money to provide monthly financial assistance to Margarita. (Id. at 32, 33, 38–39.) According to Margarita, Jose also used his inheritance to provide financial assistance his grandpar-

ents, sister, and niece, but Margarita does not know how much Jose gave them. (*Id.* at 45–46.) Margarita will be inheriting all of Jose's assets, and she has continued to provide financial support to Jose's grandparents, sister, and niece following Jose's death. (*Id.* at 33, 45, 47.)

## II. Motion

Royal Caribbean moves for summary judgment, arguing in relevant part that Plaintiff has produced insufficient evidence of pecuniary loss by Margarita and by Jose's alleged dependents to sustain recovery under the Death on the High Seas Act. (*See* Motion, D.E. 87 at 12–13.) Royal Caribbean argues that Jose never had a job and was performing poorly in school; any estimate of his lost future earnings is speculative and unsupported; Margarita will be inheriting all of Jose's assets; and Margarita has continued to provide support to Jose's alleged dependents. (*Id.*) Royal Caribbean also cites the report of accounting expert Joe Obermeyer, who concludes that "[g]iven Mr. Tello's academic record and lack of employment history, there is no reasonable basis for projecting future earnings for Mr. Tello that would be sufficient not only fully to support him, but also to have enough excess to support others." (Obermeyer Report, D.E. 87–10 at 2.) "The only source for any support he might have provided is from an inheritance from his father and the income generated from the assets inherited. . . . The ability of Mr. Tello's estate to continue to provide any support which he may have been providing is not [a]ffected by his presumed death. The assets remain and can continue to generate income or be sold to provide support." (*Id.* at 3.)

In Response, Plaintiff argues only that "it is uncontroverted that the decedent provided monthly financial support to his mother, to his two surviving grandparents, to his sister and to his niece"; "Plaintiff has also testified that the decedent

planned to become a physician"; Royal Caribbean's claim that Jose's dependents would not have received support from Jose in the future "is pure conjecture by the Defendant and should be disregarded at this time"; and "it is common knowledge that many, if not most college students, do not have an employment history until after graduation. It is also not uncommon for a college student to have poor grades at some point in time during his studies and then improve. Hence, the expert report of Joe Obermeyer is not undisputed or uncontroverted at all." (Response, D.E. 108 at 6, 14.)

## III. Standard of Review

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Supreme Court has explained the summary judgment standard as follows:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The standard for granting summary judgment is the same as the standard for granting a directed verdict. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The appellate courts, therefore, will affirm the

granting of summary judgment if on any part of the plaintiff's prima facie case there would be insufficient evidence to require submission of the case to a jury. *Id.* at 252–256, 106 S.Ct. 2505; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir.1987) ("[I]f on any part of the prima facie case there would be insufficient evidence to require submission of the case to a jury, we must affirm the grant of summary judgment.").

On a motion for summary judgment, the Court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. 2505; *see also Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989).

## IV. Discussion

■ The Death on the High Seas Act (DOHSA) provides that "[w]hen the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible." 46 U.S.C. § 30302. DOHSA provides "the exclusive recovery for deaths that occur on the high seas," *Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 123, 118 S.Ct. 1890, 141 L.Ed.2d 102 (1998), and applies to maritime incidents occurring within the territorial waters of foreign states, *Ridley v. NCL (Bahamas) Ltd.*, 824 F.Supp.2d 1355, 1359

(S.D.Fla.2010) (citing *Sanchez v. Loffland Bros. Co.*, 626 F.2d 1228, 1230 n. 4 (5th Cir.1980)).

■ A DOHSA action is for "the exclusive benefit of the decedent's spouse, parent, child, or dependent relative," 46 U.S.C. § 30302, and recovery under DOHSA is limited to "a fair compensation for the pecuniary loss sustained by the individuals for whose benefit the action is brought," *id.* § 30303; *see also Sanchez*, 626 F.2d at 1230 ("DOHSA specifically limits recoverable damages to those pecuniary in nature."). "The measure of recovery under … DOHSA is the actual pecuniary benefits that the decedent's beneficiaries could reasonably have expected to receive from the continued life of the decedent." *Solomon v. Warren*, 540 F.2d 777, 786 (5th Cir.1976). Pecuniary losses include loss of support, loss of services, and loss of nurture and guidance. *Matter of Adventure Bound Sports, Inc.*, 858 F.Supp. 1192, 1197 (S.D.Ga.1994). "The court shall apportion the recovery among [the decedent's beneficiaries] in proportion to the loss each has sustained." 46 U.S.C. § 30303.

[3] To sustain recovery for pecuniary loss, the value of loss must be proven and reasonably certain. *See, e.g., Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 740 (5th Cir.1978) ("No documentary evidence was introduced establishing the amount of [the decedent's] financial contributions to the family, nor were his services around the house in any way valued. Under the circumstances, we conclude that the evidence of support and services was insufficient to show that the Ivys suffered any monetary loss for support and services by their son's death.... The trial judge erred in submitting this issue to the jury."); *Adventure Bound Sports*, 858 F.Supp. at 1201 ("To recover for this pecuniary loss, a claimant must present testimony assigning a value

to the services performed by the decedent." (citing *Ivy*, 585 F.2d at 740)); *Lasseigne & Sons, Inc. v. Bacon*, No. 87–4003, 1988 WL 89557, at *4 (9th Cir. Aug. 16, 1988) ("[N]o evidence was introduced as to the value of the services Randy Bacon performed while staying with his parents. There was also no evidence that Randy Bacon made any financial contributions to his parents. Accordingly, we conclude that the evidence was insufficient to support the award to Randy Bacon's parents of $25,000 for loss of support and services."); *see also Martinez v. Puerto Rico Marine Mgmt., Inc.*, 755 F.Supp. 1001, 1008 (S.D.Ala.1990) ("Although the widows testified as to services, nurture, guidance, and instruction provided by decedents, no testimony was given as to the monetary value of such services, nurture, guidance, and instruction. Therefore the Court has no means by which to calculate such value....").

■ Consistent with the foregoing, the Court finds insufficient evidence of pecuniary loss to sustain recovery by Margarita and by Jose's other alleged dependents under DOHSA. First, with regard to loss of support from future earnings, Plaintiff cites no evidence establishing and approximating Jose's lost potential income. Margarita states only that Jose planned to become a doctor. The Court finds Margarita's assertions insufficient to sustain a finding and assessment of lost future earnings and a corresponding potential to provide future support to alleged dependents. Second, there is no dispute that the only money that Jose had was inherited from his father. Jose used that money to provide monthly financial assistance to Margarita. But as a result of Jose's death, Margarita is inheriting all of Jose's assets. Margarita therefore will receive any monies that Jose might have provided to her had he survived. As for Jose's other alleged dependents, Plaintiff offers no evidence of the value of financial assistance

that Jose provided to them. Moreover, Margarita has continued to provide those dependents with financial assistance since Jose's death. Finally, there is no evidence or valuation of any other alleged pecuniary loss in this case. For these reasons the Court finds insufficient evidence from which a trier of fact could find the existence and extent of pecuniary damages to Jose's alleged beneficiaries. The Court thus concludes that Plaintiff has failed to sustain its burden in establishing entitlement to recovery under DOHSA, and on this basis the Court grants Royal Caribbean's Motion for Summary Judgment.

## V. Conclusion

It is accordingly **ORDERED AND ADJUDGED** that:

1. Defendant Royal Caribbean Cruises, Ltd.'s Motion for Summary Judgment (D.E. 87, 3/29/13) is **GRANTED**;

2. All other pending motions are **DENIED AS MOOT**;

3. This case is now **CLOSED**.